DEPARTMENT OF REVENUE vs. PHILLIP LAFRATTA.

Middlesex. October 4, 1990. - November 27, 1990.

Present: LIACOS, C. J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Paternity*. *Parent and Child*, Support of illegitimate child. *Practice, Civil*, Support of illegitimate child. *Jurisdiction*, Paternity proceeding. *Constitutional Law*, Separation of powers.

A proceeding under G. L. c. 209C to establish paternity and child support obligations was barred by the settlement and dismissal with prejudice of a prior paternity claim against the same defendant under G. L. c. 273, § 12. [690-693]

CIVIL ACTION commenced in the Somerville Division of the District Court Department on July 23, 1987.

The case was heard by *Henry A. Tempone*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Rosanna Cavallaro*, Special Assistant Attorney General, for the plaintiff.

*Jeffrey L. Baler* (*Richard J. Vita* with him)· for the defendant.

NOLAN, J. We are asked to explicate the relationship among a statute now repealed (G. L. c. 273, § 12), the current statute dealing with paternity adjudications (G. L. c. 209C, § 22 [*d*]), and art. 30 of the Massachusetts Declaration of Rights. Specifically, at issue is whether the District Court properly dismissed the Department of Revenue's (department's) paternity and support action under G. L. c. 209C, because of an earlier "dismissal with prejudice" of a paternity claim against the defendant under the now repealed statute, G. L. c. 273. We hold that there was no error and accordingly affirm the District Court's dismissal.

The facts of the case are as follows: A child was born on January 27, 1982. The mother claimed that she had had sexual relations with the defendant approximately twice a week between March and May of 1981. The defendant has denied paternity.

In June of 1983, the department, on behalf of the mother, brought a criminal complaint against the defendant under the now repealed G. L. c. 273, § 12, alleging him to be the father of her child. A trial was set for October, 1983. On October 26, 1983, the defendant paid, in open court, the sum of $3,000 to the Department of Public Welfare and the complaint was thereafter dismissed with prejudice. Upon the defendant's written request for findings of fact on September 29, 1988, the court made the following findings: "It was determined in the course of [the October] trial that the matter would be settled upon a lump sum payment of $3,000 under G. L. c. 273, §§ 12 & 15. This settlement was assented to by all parties and approved by the court in the course of the proceedings. The defendant was acquitted, payment of the lump sum settlement was made and the matter was dismissed WITH PREJUDICE."

On July 17, 1987, almost four years after the initial action, the department, on behalf of the mother, brought another action seeking a determination of paternity and child support, this time under the new statute, G. L. c. 209C.[1] On December 18, 1987, the defendant filed a motion to dismiss the second action contending that the c. 209C action was barred by the "dismissal with prejudice" of the prior action under c. 273, § 12. On January 20, 1988, the defendant's motion was denied, but on June 30, 1988, the District Court judge revoked the prior order and allowed the motion. On August 26, 1988, the department filed a notice of appeal. On September 29, 1988, the defendant brought a motion to dismiss the department's appeal alleging that (1) the notice was filed late and (2) the Appellate Division of the District Court

---

[1]Chapter 209C was approved on July 22, 1986, as the successor to repealed c. 273. St. 1986, c. 310, § 16.

was the proper forum for appeal. His motion to dismiss was denied and the defendant filed a notice of cross appeal based on this denial.[2] We transferred the appeal on our own motion.

We now determine that the District Court's dismissal with prejudice[3] of the department's action under c. 273, §§ 12 and 15, bars a subsequent action under G. L. c. 209C, § 22 (d). A contrary decision, under which § 22 (d) would allow readjudication, would violate art. 30. Chapter 209C, § 22 (d), states that "no proceeding hereunder shall be barred by a prior finding or adjudication under any repealed sections of chapter two hundred and seventy-three or by the fact that a child was born prior to the effective date of this chapter."[4] The plaintiff contends that, under this section, a c. 209 action is not barred by a prior dismissed claim under c. 273. Although the intent of the Legislature was clear in § 22 (d), the action must be constitutional to be properly effectuated. Article 30 prohibits any legislative attempt "to grant a new

---

[2]As to whether the appeal was properly entered in the Appeals Court instead of the Appellate Division of the District Court, our opinion in *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177 (1989), is conclusive. In *Jarvenpaa*, we determined that all c. 209C appeals are properly to be brought to the Appeals Court. Since the appeal was properly before the Appeals Court, we have jurisdiction after transferring it here on our own motion. *Id.* at 181.

Secondly, we affirm the lower court judge's holding that the Department of Public Welfare is a necessary party to all paternity actions under c. 209C in which the child receives public assistance, and that the Commonwealth is therefore a party to the action and entitled to an extra thirty days in which to file a notice of appeal. Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985). Since the appeal was properly and timely brought, we proceed to the merits.

[3]Although the findings of fact issued by the trial judge indicate that the defendant was "acquitted" and the case dismissed with prejudice, the docket indicates only a dismissal with prejudice. We shall proceed on the theory that the case was simply dismissed with prejudice as it is not clear from the record on what basis the judge determined the defendant had been acquitted.

[4]As we have noted previously, § 22 (d) "makes irrelevant all questions concerning the application to this kind of case of common law principles of claim and issue preclusion based on findings and rulings in earlier litigation." *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 182 (1989).

trial or a rehearing in a cause in the courts, or to declare ineffective or to reverse, annul, change, modify or affect the judgment of the court." *Opinion of the Justices*, 234 Mass. 612, 621 (1920).[5] Section 22 (*d*) violates art. 30 when it allows cases which have been fully adjudicated under c. 273 to be reincarnated under c. 209C.

In *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177 (1989), we determined that § 22 (*d*) was unconstitutional in that it vacated a final judgment, an acquittal, entered years earlier under a G. L. c. 273, § 12, paternity action and authorized the Commonwealth to relitigate the paternity issue under G. L. c. 209C. *Id.* at 184. In *Jarvenpaa* the jury, in an earlier criminal complaint under c. 273, acquitted the defendant and specifically found that he was not the father of the child. Two years later, a representative of the Department of Public Welfare, on behalf of the mother, filed a civil complaint under c. 209C. The District Court judge dismissed the action. We determined that, although the Legislature had mandated, through § 22 (*d*), that there shall be no issue or claim preclusion arising from adjudication under c. 273, § 12, there was a constitutional prohibition against carrying out that intent. *Id.* at 182. We held in *Jarvenpaa* that § 22 (*d*) violated art. 30 and that the separation of powers principles embodied therein barred the Commonwealth from relitigating the paternity issue, which had already been contested and resolved in the defendant's favor. *Id.* at 182-183.

Recently, in *Department of Revenue* v. *Sorrentino, ante* 340 (1990), we determined that the *Jarvenpaa* reasoning did not go so far as to preclude relitigating a claim which had been brought under c. 273, § 15, for which a nolle prosequi had been entered before jeopardy had attached. In that case,

---

[5]Article 30 provides that: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

the defendant had been found guilty of nonsupport in·violation of c. 273. The defendant appealed to a jury-of-six session of the Boston Municipal Court. In the interim, the Commonwealth entered a nolle prosequi on the c. 273·charge in order to bring a charge under the newly enacted c. 209C. The defendant moved to dismiss the civil charges under c. 209C, stating that the matter had already been adjudicated under c. 273. We upheld the denial of the defendant's motion. Under Mass. R. Crim. P. 16 (b), 378 Mass. 885 (1979), "[a]fter jeopardy attaches, a nolle prosequi entered without the consent of the defendant shall have the effect of an acquittal." In *Sorrentino*, the nolle prosequi occurred before jeopardy had attached, and accordingly the subsequent civil action was not barred. *Id.* at 343.

In this case, we face the middle ground. We are now presented with the issue of just how far the thrust of *Jarvenpaa* reaches. We have determined that an acquittal under c. 273 bars the Commonwealth from relitigating paternity regardless of § 22 (*d*). We must address the question whether the "dismissal with prejudice" of·a c. 273 complaint is a bar to further adjudication as well. The defendant here was not specifically acquitted as in *Jarvenpaa*, yet the claim was dismissed with prejudice upon the payment of a lump sum, a situation different from the one in *Sorrentino*. We determine that the dismissal with prejudice under the c. 273, § 12, criminal complaint was tantamount to an acquittal and thus barred the future civil action brought by the department under c. 209C.

In October of 1983, the defendant paid a lump sum of $3,000 in settlement of the claim. The settlement was assented to by all of the parties and approved by the court. The judge dismissed the action "WITH PREJUDICE." The judge, by specifically stating that the dismissal was "WITH PREJUDICE," all in capital letters, made it clear that any attempt to relitigate the issue would be barred. The Commonwealth, through its agency, was one of the parties to that

settlement. It cannot now seek to relitigate the issue through the back door, namely c. 209C.[6]

The Appeals Court has determined, and we agree, that a dismissal with prejudice "constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial." *Boyd* v. *Jamaica Plain Coop. Bank*, 7 Mass. App. Ct. 153, 157 n.8 (1979). The dismissal "with prejudice" in this case amounted to a final adjudication under c. 273. It follows that the doctrine of separation of powers in art. 30 prohibits the Commonwealth from relitigating this claim. As we stated in *Jarvenpaa, supra* at 184, with regard to c. 209, § 22 (*d*) (it is equally applicable here), "[t]he Legislature may not constitutionally enact a law that, in effect, vacates final judgments entered under G. L. c. 273 in paternity actions and authorizes the Commonwealth, if it wishes, to relitigate each paternity issue."

In summary, we find no error in the District Court's allowance of the defendant's motion to dismiss. The c. 209C action is barred by the prior "dismissal with prejudice" of the paternity action under repealed c. 273, § 12. For c. 209C, § 22 (*d*), to permit the Commonwealth to relitigate this issue would be to violate art. 30.

*Judgment affirmed.*

---

[6]We note, however, that the minor child is not foreclosed by any prior proceeding from presenting a case for support or to adjudicate other rights against the defendant. The child is not bound by the earlier dismissal of the c. 273 proceeding. As we stated in *Jarvenpaa, supra* at 184 n.8, the Commonwealth's sole concern in the prior proceeding was that of support obligations. The child has more at stake and shall not be precluded from litigating his rights based on the action of the Commonwealth.