Toomey, J.
INTRODUCTION
The Plaintiffs, Tuite & Sons and Charles Tuite (“Tuite”), brought a claim for damages for alleged violations of G.L.c. 93A and breach of contract against the defendant, Shawmut Bank (“Shawmut”). Shawmut now moves for summary judgment pursuant to Mass.R.Civ.P. 56(c) on Count I (breach of contract) and Count III (misrepresentation and violation of G.L.c. 93A). Shawmut contends that Tuite’s claims against it are barred by the res judicata effect of the “Stipulation of Dismissal With Prejudice” between Tuite and JERSKW Services, Inc. JERSKW is the general partner of SKW Realty Estate Limited Partnership (“SKW”), Shawmut’s successorininterest. Tuite opposes the motion on the grounds that the “Stipulation of Dismissal” between it and SKW does not constitute a full adjudication on the merits necessary to support Shawmut’s issue preclusion/claim preclusion argument.
For the following reasons, Shawmut’s motion for summary judgment on Counts I and III is ALLOWED.
FACTS
On January 5, 1989, Tuite executed and delivered to Shawmut a promissory note in the original principal amount of $162,000 (the “Oxford Note”). On or about January 5, 1989, Tuite & Sons, Inc. executed and delivered to the Bank a guaranty of the note. In addition to the Oxford Note, Tuite was obligated to the Bank under several other promissory notes. In April 1992, Shawmut, Tuite and Tuite’s wife entered into an agreement to restructure Tuite’s various obligations to Shawmut.
On April 9, 1993, Tuite and a Shawmut representative, Scott Schmitt (“Schmitt”) met at Tuite’s office. It was at this meeting that either an “offer” or “a concluded agreement” was made between Schmitt and Tuite with regard to the modification of Tuite’s obligations to Shawmut for a lump sum payment of $450,000.00. Subsequent to the alleged oral contract, Shawmut assigned the notes to SKW.
In December 1993, SKW, Shawmut’s successorininterest, brought suit to enforce Tuite’s obligation under the notes. In response to SKWs complaint, Tuite filed an answer and counterclaim asserting that SKW was the holder of the notes subject to all defenses Tuite had against Shawmut. Further, in asserting counterclaims against SKW for breach of contract, misrepresentation, and violations of G.L.c. 93A, Tuite maintained that SKW held the notes subject to any and all claims and defenses that Tuite possessed as against Shawmut. Notwithstanding his allegations, in the answer and counterclaim, that SKW was Shawmut’s successor, Tuite subsequently filed the instant suit against Shawmut alleging claims for breach of contract, misrepresentation and violations of G.L.c. 93A.
On or about May 24, 1994, Tuite and SKW settled SKWs complaint against Tuite. In accordance with the settlement agreement, Tuite paid SKW $550,000 to satisfy its obligations to SKW under the notes and to terminate the litigation. In August 1994, a “Stipulation of Dismissal With Prejudice” was approved by the court in SKWs civil action.
DISCUSSION
Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 15, 16-17 (1989).
A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting *92 affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 808 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
Effect of “Settlement Agreement” Between Tuite and SKW
Tuite filed suit against Shawmut for an alleged breach of oral contract concerning modification of several promissory notes originally executed and delivered by Tuite to the Bank (Count I). Tuite also claimed that Shawmut violated G.L.c. 93A (Count III). The question before this court is whether or not, as a matter of law, the “Settlement Agreement” with respect to the litigation between SKW and Tuite has res judi-cata effect, barring Tuite’s claim against Shawmut.
“The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Heacock v. Heacock, 402 Mass. 21, 23 (1988); See Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 27980 (1933). Tuite asserts that the settlement agreement between Tuite and SKW does not constitute a full and final adjudication of their suit on the merits sufficient to bar Tuite’s suit against Shawmut. That assertion runs afoul, however, of the principle that a “Stipulation of Dismissal with Prejudice” is “an adjudication on the merits as fully and completely as if the order had been entered after trial.” Bagley v. Moxley, 407 Mass. 633 (1990); Dept of Revenue v. LaFratta, 408 Mass. 688 (1990); Boyd v. Jamaica Plain Cooperative Bank Plain Coop. Bank, 7 Mass.App.Ct. 153 (1979). There is no merit, therefore, to the Tuite argument that a dismissal upon settlement agreement can never attain the rank of an adjudication on the merits.
In the SKW suit, Tuite answered the complaint by relying upon the alleged oral agreement as an affirmative defense and filing counterclaims against SKW for breach of contract, misrepresentation, and violations of G.L.c. 93A.[2] In the counterclaim, Tuite alleged that SKW held the notes subject to any and all claims and defenses that Tuite had against Shawmut. SKW admitted that it was not a holder of the note in due course, but denied that Tuite had any legitimate defenses to the notes. Under the Uniform Commercial Code, SKW was vested, at the time of Shawmut’s assignment of the notes, with all of Shawmut’s rights to enforce the notes. G.L.c. 106, section 3-201(1). Because SKW admitted that it was not a holder in due course, it held the notes subject to “all defenses” which Tuite could have raised against Shawmut. G.L.c. 106, section 3306(b).[3] The SKW/Tuite dismissal upon settlement agreement resolved Tuite’s contentions with respect to those points of law and fact.
A review of the Tuite counterclaim in the SKW action and the Tuite complaint in the instant action demonstrates that the issues in controversy in each action are the same. Tuite had asserted, by counterclaim, counts for breach of contract, misrepresentation, and violations of G.L.c. 93A against SKW based upon Tuite’s alleged oral agreement with Shawmut. Tuite then made the same assertions, by the complaint at bar, of breach of contract, misrepresentation and violations of G.L.c. 93A against Shawmut based upon the same alleged oral agreement. The resolution of the former forecloses the latter.
Tuite attempts to avoid the res judicata conclusion by claiming that it was damaged by its settlement with SKW, Shawmut’s successorininterest. Focusing on the damage consequence of the settlement does not, however, enable Tuite to evade res judicata and sustain the present claim against Shawmut. The crucial issue with regard to claim/issue preclusion is whether Tuite litigated to finality its claims against Shawmut’s privy. See Heacock v. Heacock, 402 Mass. 21 (1988). The fact that “the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies,” is irrelevant. Id. at 23.
There are, concededly, factual issues in dispute concerning the oral contract to modify the notes. Those issues are not, however, material to the preclu-sive effect, upon Tuite’s instant dispute with Shawmut, of Tuite’s “Settlement Agreement” and “Stipulation of Dismissal With Prejudice” entered in its litigation with SKW.
CONCLUSION
In light of the earlier “Stipulation of Dismissal With Prejudice,” this Court finds that Tuite’s claims against Shawmut are barred.
ORDER
Accordingly, it is hereby ORDERED that Defendant’s motion for summary judgment upon Counts I and III be ALLOWED.

The counterclaims Tuite asserted against SKW are virtually identical to the claims Tuite asserted against Shawmut in the present case.

As stated in the UCC,"[u]nless he has the rights of a holder in due course any person takes the instrument subject to . . . (b) all defenses of any party which could be available in an action on simple contract." Id.