# A.B.[1] *vs.* C.D.

No. 96-P-1226.

Middlesex. December 3, 1997. - February 25, 1998.

Present: JACOBS, GILLERMAN, & SPINA, JJ.

*Paternity. Evidence,* Paternity. *Parent and Child,* Support of child born out of wedlock. *Legal Services Organization. Attorney at Law,* Compensation. *Practice, Civil,* Attorney's fees.

A child was not foreclosed from bringing an action in her own right against her putative father to obtain support or adjudicate other rights by reason of prior actions brought by the Commonwealth and her mother against the same person under G. L. c. 209C, to which the child had not been a party and which had been dismissed with prejudice. [333-334]

Sufficient evidence at a paternity proceeding under G. L. c. 209C established that the defendant was the child's father. [334-335]

There was no merit to the claim of the defendant in a paternity proceeding under G. L. c. 209C that a guardian ad litem should have been appointed for the child whose complaint was filed by her next friend, her mother, in accordance with the provisions of Mass.R.Dom.Rel.P. 17(b). [335-336]

In a paternity proceeding under G. L. c. 209C, a Probate Court judge did not err in ordering the defendant to pay child support retroactive to the date of the filing of the child's complaint [336], or in making an award of legal fees to a legal services organization that performed significant legal work on the child's behalf [336-337].

CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on June 29, 1993.

The case was heard by *Judith Nelson Dilday,* J.

*Richard J. Vita* for the defendant.

*Pauline Quirion* for the plaintiff.

*Patricia A. Cantor & Leigh-Ann M. Patterson,* for the Women's Bar Association of Massachusetts, amicus curiae, submitted a brief.

[1]By her mother and next friend. The parties filed a joint motion to recaption this case. We grant the motion and use fictitious initials for the parties.

SPINA, J. C.D. (defendant) appeals from a judgment of the Probate Court which concluded that he was the father of A.B. (child) and ordered him to pay retroactive child support and legal fees. We affirm.

The child was born in January, 1982. In June, 1983, the Department of Revenue (department), on behalf of the mother, filed a criminal complaint, pursuant to G. L. c. 273, § 12,[2] against the defendant for fathering a child with the mother out of wedlock (C.D.-I).[3] The complaint was dismissed with prejudice when the defendant paid a lump sum settlement of $3,000 to the Department of Public Welfare.

In July, 1987, the department, on behalf of the mother, filed a civil complaint, pursuant to G. L. c. 209C, against the defendant to establish the child's paternity and determine child support (C.D.-II). The complaint was dismissed with prejudice on grounds that it was barred by the dismissal of C.D.-I. The department filed an appeal and the case was transferred from this court to the Supreme Judicial Court.

The Supreme Judicial Court affirmed the dismissal of C.D.-II at 408 Mass. 688 (1990). The court concluded that the dismissal with prejudice of the criminal complaint in C.D.-I constituted "an adjudication on the merits as fully and completely as if the order had been entered after trial." *Id.* at 693, quoting from *Boyd* v. *Jamaica Plain Coop. Bank*, 7 Mass. App. Ct. 153, 157 n.8 (1979). The Commonwealth was barred from relitigating a paternity claim under G. L. c. 209C. 408 Mass. at 692. At the same time, the Supreme Judicial Court noted that the child was not bound by the dismissal of C.D.-I and would not be foreclosed from presenting a case for support or from seeking to adjudicate other rights against the defendant. *Id.* at 693 n.6.

In March, 1993, the mother filed her own complaint against the defendant, pursuant to G. L. c. 209C, to establish the child's paternity (C.D.-III). The complaint was dismissed with prejudice on the grounds that the mother was precluded from bringing such an action by C.D.-I and C.D.-II. The mother did not file an appeal.

In June, 1993, the mother, on behalf of the child, filed a complaint against the defendant, pursuant to G. L. c. 209C, to

---

[2]General Laws c. 273, § 12, was repealed in 1986.

[3]This is the fourth in a series of cases. The prior cases are designated herein as C.D.-I, C.D.-II, C.D.-III, and C.D.-IV, using the defendant's initials.

establish the child's paternity and determine child support (C.D.-IV). The defendant moved to dismiss the complaint on grounds that it was barred by the three prior actions. The Probate Court denied his motion. The defendant filed a petition for an interlocutory appeal with this court, which was denied. The case proceeded to trial where (1) the defendant was determined to be the child's father; (2) the defendant was ordered to pay child support to the child through the department; (3) the support payments were determined to be retroactive to the date of the filing of the child's complaint; and (4) the defendant was ordered to pay legal fees to the child's attorney. The defendant now brings this appeal.

On appeal, the defendant first asserts that the Probate Court erred by allowing the child to pursue an adjudication of paternity in light of the fact that C.D.-I, C.D.-II, and C.D.-III had all been dismissed with prejudice. He further asserts that there needs to be some finality to these paternity proceedings and that the mother through the child should not be allowed to have repeated bites at the same apple.

It is well established that the interests of a minor child in determining the identity of her father are distinct from the interests of her mother. *G.E.B.* v. *S.R.W.*, 422 Mass. 158, 163 (1996). "For example, under G. L. c. 190, § 7, a child born out of wedlock may inherit from [her] natural father to the same extent as if born in lawful wedlock, if the father has been adjudged to be [her] father in a G. L. c. 273 or G. L. c. 209C proceeding." *Department of Rev.* v. *Jarvenpaa*, 404 Mass. 177, 184 n.8 (1989). The mother of the child also has independent interests that may prevent her from fully protecting the child's sometimes competing concerns. *G.E.B.* v. *S.R.W.*, 422 Mass. at 163.

In an action prosecuted by a guardian or a next friend, it is the minor child, not the representative, who is the real party in interest. See *McDonald* v. *Bellotti*, 29 Mass. App. Ct. 988, 991 (1990). Where that minor child was not a party to prior paternity proceedings, the child's rights cannot be prejudiced by those prior proceedings. *G.E.B.* v. *S.R.W.*, 422 Mass. at 162. A minor plaintiff has the right to maintain a paternity action even though, by prior judicial decision, the Commonwealth has lost the right to impose support obligations on the putative father. *Department of Rev.* v. *Jarvenpaa*, 404 Mass. at 185.

With regard to the present case, the court specifically stated

in C.D.-II, 408 Mass. at 693 n.6, that .the child was not foreclosed by any prior proceeding from bringing an action to obtain support or to adjudicate other rights against the defendant. The present case is the first brought on behalf of the child to establish her own rights with respect to her paternity. Moreover, the Probate Court judge did not find that there had been an unjustified, unreasonable, or prejudicial delay by the child in raising her paternity claim. We conclude that the judge did not err by allowing the child to proceed with her paternity action against the defendant.

The defendant next argues that the findings of the Probate Court judge with respect to the child's paternity were not supported by sufficient evidence. He asserts that the testimony which the mother provided in C.D.-I was inconsistent with the testimony which she provided in C.D.-IV. He further asserts that his deoxyribonucleic acid (DNA) test was improperly admitted in evidence because there was no showing that the test had been administered in accordance with accepted principles of science, statistics, and equity. The defendant also argues that the Probate Court judge erred by physically comparing him to the child without hearing expert testimony as to whether any perceived similarities were genetic.

Paternity, by the express terms of G. L. c. 209C, § 7, must be established by clear and convincing evidence, and the proceedings are civil in nature. See *Department of Rev.* v. *Roe,* 31 Mass. App. Ct. 924, 926 (1991). A mother's testimony that, at the relevant times, she had sexual intercourse exclusively with her child's putative father may support a finding of paternity. *Department of Rev.* v. *Spinale,* 406 Mass. 1007, 1008 (1990). It is the function of the trial court judge to determine the weight and credibility of witness testimony, and the judge's findings of fact will not be set aside unless they are clearly erroneous. *G.E.B.* v. *S.R.W.,* 422 Mass. at 172.

When there is evidence of sexual intercourse between a child's mother and a putative father, G. L. c. 209C, § 17, provides that "[u]nless a party objects in writing to the [blood or genetic marker] test results upon notice of the hearing date or within thirty days prior to the hearing, whichever is shorter, the report of the results of blood grouping or genetic marker tests, including a statistical probability of the putative father's paternity based upon such tests, shall be admissible in evidence without the need for laying a foundation or other proof of

authenticity or accuracy. . . ." General Laws c. 209C, § 17, further provides that "[i]f such report indicates a statistical probability of paternity of ninety-seven percent or greater, there shall be a rebuttable presumption that the putative father is the father of such child."

In making a determination about paternity, G. L. c. 209C, § 16(*e*), as inserted by St. 1986, c. 310, § 16, also states that "the court may view the mother, the child, and the putative father to note any resemblance among the parties notwithstanding the absence of expert testimony." "It [is] not error for the trial judge, in making his decision, to rely on the physical resemblance between the child and the defendant." *Department of Rev.* v. *Spinale*, 406 Mass. at 1007.

In the present case, the Probate Court judge found that the defendant had sexual intercourse with the mother from February, 1981, to May, 1981, which included the period of the child's conception. The mother testified that she did not have sexual intercourse with any other man from March 15, 1981, through May 15, 1981. The Probate Court judge found that there was a strong resemblance between the defendant and the child. The blood and genetic marker test report indicated that the defendant's probability of paternity was 99.62% using blood tests and 99.99% using DNA analysis. The test report included written documentation of the chain of custody of the parties' blood specimens. Contrary to the requirements of G. L. c. 209C, § 17, the defendant did not object in writing to the results of the report until after the trial. Based upon our review of the record, we conclude that the judge did not err in determining that there was sufficient evidence to establish that the defendant was the child's father.

The defendant further argues that a guardian ad litem should have been appointed for the child during these proceedings. We note first that no request or motion for the appointment of a guardian ad litem was made by the defendant during the course of the Probate Court proceedings. In addition, Mass.R.Dom. Rel.P. 17(b) (1975),[4] provides that "[i]f an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem." The initial complaint in this action was brought by the child in her name alone. The complaint subsequently was amended to add the

---

[4]Massachusetts Rules of Domestic Relations Procedure govern "an action to determine paternity and/or support for a child." Mass.R.Dom.Rel.P. 1.

name of the mother as plaintiff on behalf of the child. This amendment brought the complaint squarely within the provisions of rule 17(b), which provides that an infant may sue by her next friend. The defendant's argument on this point is without merit.

The defendant next argues that he should not have been ordered to pay retroactive child support in light of the dismissals of the prior proceedings against him. We disagree. "General Laws c. 209C, § 9(*a*), read in conjunction with G. L. c. 209C, § 21, authorizes orders in cases of [out of wedlock births] for current support of a child, for retroactive support from the date of birth, and for provision of health insurance." *Department of Rev.* v. *Roe*, 29 Mass. App. Ct. 967, 967 (1990).[5] In the present case, the Probate Court judge did not impose upon the defendant the obligation to pay retroactive child support back to the date of the child's birth. Rather, the Probate Court judge only awarded retroactive support back to June, 1993, the date of the filing of the child's complaint. We conclude that the Probate Court judge did not err in ordering the defendant to pay retroactive child support. Had the Probate Court judge declined to award retroactive child support, the defendant would have been unfairly and unjustly enriched for his failure to be responsible for the child in accordance with G. L. c. 209C.

The defendant also argues that he should not have been ordered to pay legal fees to the legal services organization for the representation it provided for the child during these paternity proceedings. He asserts that there was no showing that the child actually incurred any legal fees in this matter.

"[I]f a statute authorizes an award of attorney's fees, an award may be made to a legal services organization." *Torres* v. *Attorney Gen.*, 391 Mass. 1, 14 (1984). There is no reason why attorney's fees "should be discounted simply because counsel is a legal services organization." *Darmetko* v. *Boston Hous. Authy.*, 378 Mass. 758, 764 (1979). Moreover, this court has held that, despite the lack of a specific statutory authority, a judge

---

[5]By St. 1995, c. 38, § 167, G. L. c. 209C, § 9(*a*), was amended to expressly provide that "[u]pon the petition of a party, the court shall also order past support for the period from the birth of the child to the entry of the order, taking into consideration the parent's ability to pay under subsection (c) and any support provided by the parent during such period." This amendment became effective July 1, 1995, after the date of the paternity judgment in the instant case.

may properly award legal fees under G. L. c. 209C. *Doe* v. *Roe*, 32 Mass. App. Ct. 63, 68-69 (1992). See *G.E.B.* v. *S.R.W.*, 422 Mass. at 174 n.15. A child's need for adequate legal representation is often essential to meeting that child's need for support, and thereby becomes part of the cost of support. Compare *Doe* v. *Roe*, 32 Mass. App. Ct. at 68-69.

In the present case, significant legal work was performed by the legal services organization on the child's behalf. The fact that the child did not have to pay for her legal representation in these paternity proceedings does not absolve the defendant from this obligation. The Probate Court judge did not err in directing the defendant to pay the child's attorney's fees.

Counsel for the child has asked this court for additional attorney's fees for the present appeal. Counsel "may file forthwith a petition to a single justice of this court for such fees, together with the necessary supporting material, and the defendant shall have ten days to respond to such submission, all in accordance with the procedure set forth in *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 20 (1989)." *Standard Register Co.* v. *Bolton-Emerson, Inc.*, 38 Mass. App. Ct. 545, 552 (1995).

*Judgment affirmed.*