ARNOLD E. DAUM *vs.* DELTA AIRLINES, INC. January 21, 1986. *District Court,* Small claims procedure.

The defendant appeals from a judgment of the Superior Court after an initial determination in the small claims session of a District Court in the plaintiff's favor under the provisions of G. L. c. 218, § 23 (1984 ed.). We granted the defendant's application for direct appellate review. There was no error.

The defendant argues that its constitutional rights to a jury trial under art. 15 of the Declaration of Rights of the Constitution of the Commonwealth, and to due process and equal protection under the Constitution of the Commonwealth and the United States Constitution, have been impaired by the procedure which gives prima facie effect in the Superior Court to the District Court's small claims decision. According to the defendant, this constitutional infirmity arises from the fact that a defendant is compelled to litigate the case under the small claims procedure and is given no opportunity to show that the resulting decision is based upon an error of law because G. L. c. 218, § 23, prohibits a claim of report to the Appellate Division of the

District Courts. As a result, when the case is given prima facie effect in the Superior Court, jury trial and due process rights are impaired. The defendant's specific claim is that there was insufficient evidence to warrant a decision for the plaintiff in the small claims session and in the Superior Court, absent the prima facie effect given to the small claims decision.

A defendant must be given the opportunity to test the sufficiency of the evidence in support of a District Court finding if it is to be given prima facie effect at a subsequent jury trial. *Lubell* v. *First Nat'l Stores, Inc.,* 342 Mass. 161, 164 (1961). See *Newgent* v. *Colonial Contractors & Builders, Inc.,* 348 Mass. 582, 584 (1965). It is clear, however, that a party may submit to a District Court procedure and by doing so lose appellate rights that would otherwise exist. *Third Nat'l Bank* v. *Continental Ins.Co.,* 388 Mass. 240, 242 (1983). *Locke* v. *Slater,* 387 Mass. 682, 684 (1982). The defendant argues, however, that it was forced to proceed in the small claims session because the statutory provision permitting removal to the Superior Court was eliminated by the Legislature in 1973 (St. 1973, c. 748, § 2), with the result that the statute affords neither a right of removal in the first instance nor a right to a subsequent review of errors of law in the Appellate Division.

This argument overlooks the provisions of G. L. c. 218, § 24, (1984 ed.), and Rule 4 of the Uniform Small Claims Rules (1985), which provide for the removal of small claims to the regular civil docket of the District Court at the request of either party or upon motion of the judge. It is true that § 24 provides that removal is at the discretion of the judge. That grant of discretion, however, must be interpreted in the light of the provisions of G. L. c. 218, § 21 (1984 ed.), as amended by St. 1985, c. 101, that the small claims procedure is not exclusive but an alternative to the formal procedure of the District Courts.

In view of the requirement that the decision in the District Court is to be given prima facie effect in subsequent jury trials (see *Lubell* v. *First Nat'l Stores, Inc., supra* ), and the clear statutory mandate that small claims procedure be an alternative nonexclusive remedy, a judge should rarely, if ever, exercise his discretion to prevent removal. The defendant did not file a removal motion in this case. Compare *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. 131, 136 (1974). In deciding this appeal we cannot assume that a judge presented with a proper removal motion would have denied the defendant the opportunity to try the case in accordance with the regular civil procedures of the District Court.

*Judgment affirmed.*

*Stephen C. Fulton* for the defendant.
*John B. Lawlor, Jr.,* for the plaintiff.