LORRAINE T. GOZZO vs. GERALD T. ANGLIN. No. 89-P-1270. October 15, 1991. *District Court*, Small claims procedure.

Under G. L. c. 218, § 24, and Rule 4 of the Uniform Small Claims Rules (1983), as interpreted in *Daum* v. *Delta Airlines, Inc.*, 396 Mass. 1013 (1986), the defendant was entitled to allowance of his motion to transfer this small claims case to the regular District Court docket. "[A] judge should rarely, if ever, exercise his discretion to prevent removal." *Id.* at 1014. In view of that strict standard for denial of a request for transfer to the regular docket, the judge should indicate why it is that the case falls into the exceptional category of those as to which removal may be denied. The record discloses no rationale for the District Court judge's denial of the motion to transfer the case to the regular civil docket. Compare *Lyons* v. *Kinney Sys., Inc.*, 27 Mass. App. Ct. 386, 389-390 (1989). To the extent that a commentary to District Court Small Claims Standard 5:01 (1984) is to the contrary, that commentary is superseded by the *Daum* decision.

We ·are constrained to reverse the judgment. The defendant has twice suffered adverse factual determinations, once by a judge and once by a jury. While savoring his procedural victory, the defendant may wish to consider possible vulnerability under the provisions of G. L. c. 231, § 6F.

*Judgment reversed.*

*Mark T. Collins* for the defendant.