Dolan, PJ.
This is an action in which plaintiff landlord seeks to recover from defendant tenant for damages to his rented premises allegedly caused by defendant’s negligence in allowing a fire to begin on a cooking stove and spread to the walls of the dwelling. The court found for the defendant and plaintiff has appealed to this division arguing that a finding for the plaintiff is required. There is no error.
Plaintiff’s complaint contains two counts, one for waste and the other for negligence. Waste is the violation of an obligation to treat the premises in such manner that no harm be done to them and that the estate may revert to those having an underlying interest undeteriorated by any wilful or negligent act. Delano v. Smith, 206 Mass. 365, 370 (1910). In the circumstances of this case, both counts essentially allege negligence on the part of the defendant.
There was evidence that defendant occupied the premises from June 1,1989 to August 9, 1991. On August 8, 1991 while defendant was frying chicken on the stove, some grease sprayed out of the pan. Upon contact with the stove’s heating element the grease ignited, as did the remaining grease in the pan. The fire was then confined to the pan, and flames shot upward to a height of 12 inches above the pan.
After the intensify of the fire in the pan decreased, approximately one to three minutes after ignition, the defendant took the pan outside. At the time defendant removed the pan, he observed no fire at or above the stove. After taking the pan outside, defendant noticed black smoke coming from the exhaust fan and determined that there was a fire in the walls above the stove. He then called the fire department, but was unable to attempt to put out the fire by means of a fire extinguisher, because he had packed away the fire extinguisher belonging to the plaintiff.
Above the stove was a metal hood containing an exhaust system that involved a non-metal duct leading to an exhaust fan on the outside wall of the premises. Although a metal duct is now required for new systems, a metal duct was probably not required at the time the premises were built. Cooking grease had accumulated over the course of time above the stove hood on the wood which served as the duct system. Apparently it was this accumulated grease that ignited. Neither plaintiff nor the defendant knew of the accumulated grease on the wood above the hood of the stove. At the time of the fire, the exhaust fan was operating.
The court found that the grease build up occurred prior to defendant’s occupancy of the premises. It found that defendant was not negligent and that he acted reasonably after the fire began. The court further found that defendant did not commit waste as his use of the property was not unreasonable or improper.
Plaintiff filed six requests for rulings of law. All six sought a ruling that a finding for the plaintiff was required. All six were denied by the court. In cases where the burden of proof is upon the plaintiff, and the evidence is largely oral, it can rarely be ruled as a matter of law that the plaintiff is entitled to recover. Hoffman v. *162 Chelsea, 315 Mass. 54, 56 (1943). It is particularly rare in a negligence case where the issue of what a reasonable person in the position of the defendant would have done is itself a fact to be decided by the fact finder. Inferrera v. Sudbury, 31 Mass. App. Ct. 96, 102 (1991).
There was no evidence such that the court was required to find that defendant was negligent in cooking the chicken, or in causing the grease buildup. There is also no evidence that required a finding that the unavailability of the fire extinguisher contributed to the extent of the damage. On the facts of this case, we find no error in the courts’ denial of these requests and finding that the defendant was not negligent.
Plaintiff also argues that a small claims finding in his favor against the defendant, for the deductible on his insurance policy, requires a finding in his favor. However, that judgment was appealed and consolidated with this action for trial. That decision is to be given prima facie effect. Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986). It is evidence, remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant. Cook v. Farm Service Stores, Inc., 301 Mass. 564, 566 (1938). However, it does not compel a finding for the plaintiff when there is evidence that warrants a finding to the contrary. McGovern v. Tinglof 344 Mass. 114 (1962).
Report dismissed.