# TRUST INSURANCE COMPANY *vs.* BRUCE AT PARK CHIROPRACTIC CLINIC.

Essex. December 9, 1999. - January 20, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*District Court,* Small claims procedure. *Statute,* Construction. *Supreme Judicial Court,* Superintendence of inferior courts.

Where a defendant in a small claims action was not without an appellate remedy with respect to the prevailing plaintiff's motion for attorney's fees under G. L. c. 90, § 34M, extraordinary relief under G. L. c. 211, § 3, was not available. [609-610]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 25, 1998.

The case was heard by *Lynch,* J.

*Daniel B. Shapiro* for the plaintiff.

*Francis A. Gaimari* for the defendant.

SPINA, J. Claiming that a District Court judge's dismissal of its appeal to a District Court jury session from a judgment for attorney's fees under the small claims procedure left it without any appellate remedy, Trust Insurance Company (TIC) filed a petition under G. L. c. 211, § 3, seeking reinstatement of its appeal. A single justice of this court concluded that TIC was not entitled to extraordinary relief because it had an available means to obtain appellate review. TIC appealed from the judgment of the single justice. We affirm.

Bruce at Park Chiropractic Clinic (Bruce) brought an action against TIC under the small claims procedure, G. L. c. 218, §§ 21-23, for failure to pay $395.90 for chiropractic services rendered to an insured of TIC, in violation of G. L. c. 90, § 34M. After a hearing before a clerk-magistrate, judgment was entered for Bruce in the amount sought, plus costs. TIC did not appeal from that judgment to the jury session of the District Court.

Bruce subsequently filed a motion under G. L. c. 90, § 34M,

seeking attorney's fees[1] in the amount of $2,178. Following a hearing in the small claims session before a District Court judge,[2] judgment was entered for Bruce in the amount of $1,710. TIC filed a claim of appeal within the period prescribed by G. L. c. 218, § 23, together with an affidavit of counsel stating that the appeal from the judgment awarding attorney's fees was "intended in good faith, and that there are questions of fact and law requiring jury trial, specifically: The sufficiency and weight off [*sic*] the evidence to sustain a judgment on behalf of the plaintiff for attorney's fees in the amount of $1,710." TIC paid the appeal bond and the entry fee required by G. L. c. 218, § 23, and the surcharge required by G. L. c. 262, § 4C. TIC also filed a separate claim of trial by jury.

Bruce moved to dismiss the appeal on the ground that there can be no jury trial as to the issue of attorney's fees.[3] A second

---

[1]The subject of attorney's fees was raised in correspondence between counsel approximately four and one-half months before trial.

[2]The record is silent as to the reason a judge, and not the clerk-magistrate, conducted the hearing on attorney's fees. There is nothing in G. L. c. 90, § 34M, to suggest that a clerk-magistrate could not determine the question of attorney's fees. The statute provides, in relevant part: "In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter. In any such action commenced in the district court in the judicial district in which the unpaid party resides, the court shall, upon the filing of an answer by the insurer and upon the motion of the unpaid party, advance the action for a speedy trial. If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney's fees." G. L. c. 90, § 34M.

[3]There is no right to a jury trial for attorney's fees under G. L. c. 90, § 34M. Trial by jury in civil matters generally is available only in those cases provided for by the Massachusetts Constitution at the time it was adopted in 1780, or that arise therefrom. See *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 185-186 (1989). That is not the case here. Attorney's fees generally are not recoverable except in limited circumstances or where a statute so provides. See *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70 (1977), and cases cited. When allowable by statute, generally "they are more analogous to costs" than to damages. *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272 (1985). The Legislature may create a right of trial by jury for a new cause of action, including a claim for attorney's fees. Cf. *Nei* v. *Burley*, 388 Mass. 307, 312 (1983). However, it did not create a right of trial by jury for attorney's

District Court judge allowed the motion to dismiss.[4] TIC then filed its petition under G. L. c. 211, § 3. TIC filed a timely appeal from the denial of that petition.

TIC's claim that it was denied the right to appeal to the jury session of the District Court is without merit. Statute 1992, c. 379, An Act improving the administration and management of the judicial system of the Commonwealth, changed small claims procedure,[5] effective January 1, 1994 (see St. 1992, c. 379, § 226), to provide for hearings by clerk-magistrates in the first instance,[6] with the express right of appeal by the defendant from an adverse finding by a magistrate to the jury-of-six session of the District Court.[7] There is no provision for an appeal from the findings of a judge sitting in a small claims session. As a general rule, an express inclusion of one thing in a statute is an implied exclusion of things not mentioned, unless the purpose of the statute would be frustrated. See *Brady* v. *Brady*, 380 Mass. 480, 484 (1980), and cases cited. The plain language of § 23 suggests that the right of appeal to the jury session lies only from the findings of a magistrate.

This construction is consistent with the purpose of the statute, which is to provide "a simple, informal and inexpensive procedure . . . for the determination . . . of claims in the nature of contract or tort, other than slander and libel, in which the plaintiff does not claim as debt or damages more than two

---

fees in G. L. c. 90, § 34M, but instead expressly left the question for determination by the court.

[4]The motion to dismiss was filed, heard, and decided in the small claims session; the case was never transferred to the jury session.

[5]See St. 1992, c. 379, §§ 135-137.

[6]General Laws c. 218, § 21, states in part: "Actions brought under [§§ 21-25], inclusive, may be heard in the first instance by a clerk-magistrate of the district court department . . . ."

[7]General Laws c. 218, § 23, states in part: "A plaintiff beginning a cause under the procedure shall be deemed to have waived a trial by jury and any right of appeal to a jury of six session in the district court department. If, however, said cause shall be appealed to a jury of six session in the district court department by the defendant as hereinafter provided, the plaintiff shall have the same right to claim a trial by a jury of six.

"The defendant may, within ten days after receipt of the *magistrate's* finding, file in the court where the cause was determined a claim of trial by jury, or in the alternative for a trial before a single justice and shall file his affidavit that there are questions of law and fact in the cause requiring a trial by jury or a single justice, with the specifications thereof, and that such trial is intended in good faith" (emphasis added).

thousand dollars." G. L. c. 218, § 21, first par. When the Legislature passed the Court Reform Act, it simplified the small claims procedure by reducing the number of trials before a judge, or a judge with a jury, to one; and it minimized the cost of small claims litigation by making the first stage of the procedure more informal. When TIC submitted to a hearing before a judge on Bruce's motion for attorney's fees, it waived the right of appeal to the jury session. It was only entitled to one hearing before a judge, and it received that hearing.

TIC was not without an appellate remedy. It could have requested that the hearing on attorney's fees be conducted by a clerk-magistrate and thereby preserve its right of appeal to the jury session and there have the question of attorney's fees decided by a judge without a jury.[8] Under that course, appellate review is available when, in the opinion of the judge, "a question of law requires review . . . in the form of a report of a case stated, to the appellate division."[9] G. L. c. 218, § 23. TIC had a second appellate remedy. It could have requested a "transfer . . . to the regular civil docket for formal hearing and determination" on the issue of attorney's fees. G. L. c. 218, § 24. See also Rule 4 of the Uniform Small Claims Rules (1999). Appellate review from an adverse finding is thereafter available under G. L. c. 231, §§ 108, 109. TIC pursued neither of those available remedies.

We conclude that the single justice correctly denied TIC's petition for extraordinary relief under G. L. c. 211, § 3, because alternative legal remedies were available. See *Taylor* v. *Newton Div. of the Dist. Court Dep't,* 416 Mass. 1006 (1993); *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631 (1977).

*Judgment affirmed.*

---

[8] See note 2, *supra.*

[9] To the extent that Rule 10 (e) of the Uniform Small Claims Rules (1999) provides for an appeal to the Appeals Court from the jury session, it is in conflict with G. L. c. 218, § 23, which provides for the report of questions of law to the appellate division in certain circumstances. General Laws c. 211A, § 10, provides for an appeal from the appellate division to the Appeals Court.