Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by defendant Trust Insurance Company (‘Trust”) contesting the court’s award of attorney’s fees under G.L.c. 90, §34M, the Personal Injury Protection (“PIP”) statute.
On May 6,1994, Wendy Moon (the “insured”) sustained injuries in an automobile accident while riding as a passenger in her father’s van, which was insured by Trust. She was treated by a chiropractor and other medical providers, and submitted a PIP claim and medical bills to Trust for payment. After a §34M records review, Trust ultimately refused to provide PIP benefits for $865.00 of the $2,302.60 in total medical bills it received. This action to recover the balance of PIP benefits owed was commenced on March 27,1995.
On August 20,1996, the trial court allowed the insured’s motion for the entry of judgment in her favor upon Trust’s “Certificate of No Opposition,” but postponed action on the insured’s motion for attorney’s fees in the amount of $5,382.00. Instead of conducting the customary assessment hearing at the conclusion of the case, the court granted Trust’s request for a schedule for full discovery on the attorney’s fee issue. What followed was two and one-half years of interrogatories, depositions, production of documents, motions to quash, protective orders, sanctions, requests for rulings of law, memoranda, a motion by Trust to compel the withdrawal of plaintiffs counsel (which was denied) and, finally, a lengthy assessment hearing. The end result was that the court reduced the insured’s attorney’s fees request from $5,382.00 to $3,540.00 for the first phase of the case dealing with the merits of her PIP claim, but awarded an additional $5,276.00 in attorney’s fees for services rendered during the second phase of the case which dealt solely with the question of fees.
Trust filed this appeal which presents a multi-prong attack on the court’s attorney’s fee award.[2]
1. Relying on Rule 115 of the Dist./Mun. Cts. Supp. R. Civ. P., Trust initially argues that the insured was precluded from recovering any attorney’s fees because the damages awarded here ($1,280.20) were less than the $2,000.00 limit in a small claims action. See G.L.c. 218, §21. Rule 115 states:
In a civil action pursuant to the District/Municipal Courts Rules of Civil Procedure in which the finding of debt or damages does not exceed *90 the statutory limit for small claims proceedings in effect at the commencement of such civil action, no costs other than taxable cash disbursements shall be recovered by the plaintiff, except by special order of the court for cause shown.
The short answer to Trust’s contention is that there was a “special order of the court” awarding attorney’s fees in this case and there was thus compliance with Rule 115.
Even assuming arguendo that the term “costs”[3] can in some contexts be deemed to include attorney’s fees, Rule 115 cannot be reasonably interpreted or enforced so as to preclude recovery of attorney’s fees expressly authorized by statute. Section 34M of G.L.c. 90 unambiguously provides that “[i]f the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees [emphasis supplied].” The Legislature has thus mandated that legal fees be awarded however small the amount of a PIP recovery. Fascione v. CNA Ins. Cos., 1997 Mass. App. Div. 132, 134. Further, there is nothing in §34M indicating that the Legislature’s mandate should not apply, or should be applied differently, if a case is brought under the small claims procedures. Trust’s interpretation of Rule 115 would also bar recovery of attorney’s fees in a host of other consumer protection actions where small amounts of money are involved. See, e.g., G.L.c. 93A, §9(4), which provides that a prevailing plaintiff in a consumer protection action shall, “irrespective of the amount in controversy, be awarded reasonable attorney’s fees and costs [emphasis supplied].” See Homsi v. C.H. Babb Co., 10 Mass. App. Ct. 474, 481 (1980). As Trust’s interpretation would place Rule 115 in direct conflict with clear statutory provisions, the interpretation fails and the statutes control. See Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 610 n.9 (2000); Garrett v. Director of the Div. of Employ. Sec., 394 Mass. 417, 419 (1985).
*91 We do not, in any event, agree with Trust’s interpretation that “costs” in Rule 115 includes attorney’s fees. Rule 115 must be considered in conjunction with G.L.c. 218, §25, which it mirrors. Section 25 provides:
In any civil action begun by summons and complaint which might have been begun under the [small claims] procedure, the rules for the procedure may provide ... that the costs to be recovered by the plaintiff, if he prevails, shall be eliminated in whole or in part.
Rule 115 would appear to be the type of procedural provision contemplated by Section 25. Section 25 must in turn be viewed in the context of the entire statutory scheme establishing the small claims procedure. In that scheme, a clear distinction is drawn between costs and attorney’s fees. The first paragraph of G.L.c. 218, §23 provides, e.g., that if an unpaid party recovers a judgment “for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto, costs and reasonable attorney’s fees.” Similarly, in the sixth paragraph of the same section, reference is made to “court costs and an amount equal to a reasonable attorney’s fee.”
2. To the extent that Trust is arguing that the insured was required to bring this action as a small claims case, we reject any such notion. Section 21 of G.L.c. 218 clearly provides that the small claims procedure “shall not be exclusive, but shall be alternative to the formal procedure for civil actions begun by summons and complaint.” See generally Lewis v. Patoulidis, 30 Mass. App. Ct. 906, 907 (1991). “Parties try cases under the small claims procedure only if they elect to do so. The plaintiff has a free choice. The defendant has a choice subject to certain limitations that cannot be said to be unreasonable.” McLaughlin v. Municipal Court, Roxbury Dist/., 308 Mass. 397, 402 (1941).
While there may be good reasons for a plaintiff to choose to bring his case as a small claims action, there are several reasons why he may not. See Cousineau v. Laramee, 388 Mass. 859, 863 n.4 (1983). Pursuant to G.L.c. 218, §§22 and 23, the plaintiff runs the risk of never having the matter heard by a judge, let alone a jury. The matter will initially be heard by a clerk-magistrate. If the clerk finds against the plaintiff, he has no further redress. If the plaintiff prevails, the defendant has a right of appeal to the district court’s jury session. There is no further right of appeal.[4] See Trust Ins. Co. v. Bruce At Park Chiropractic Clinic, supra at 610 & n.9. Throughout the trial proceedings, the parties are generally precluded from engaging in discovery “except upon good cause shown.” Uniform Small Claims Rule 5. Evidentiary rules do not strictly apply. Uniform Small Claims Rule 7(c). Finally, a plaintiff who, despite these disadvantages, still elects to bring a small claims case may find the case transferred, over his or her objection, to the regular civil docket at Üie opposing party’s request. G.L.c. 218, §24. See Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986).
As the insured in this case had the free choice to forego the small claims procedure, any attorney’s fees that he may recover are not necessarily limited to what an attorney would have charged to handle the matter as a small claims case. However, under the controlling standard set forth in Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979), discussed below, the court may certainly have considered the simplicity of the case and the amount of money involved in assessing attorney’s fees.
3. There is also no merit in Trust’s Mass. R. Civ. P., Rule 68, argument that the *92 insured’s rejection of Trust’s Offer of Judgment not only precluded the insured from recovering attorney’s fees for services rendered after the rejection, but also obligated the insured to pay Trust’s legal fees from that date. Rule 68 provides, in pertinent part:
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. ... Lf the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
As the trial judge correctly ruled, Rule 68 does not apply in this case for a number of obvious reasons.
On August 12, 1996, Trust filed an “Offer of Judgment” for judgment to be entered against it in the amount of $870.00 “with costs accrued to date.” On the same date, the insured filed a motion requesting the entry of judgment against Trust for $865.00, plus costs and attorney’s fees under G.L.c. 90, §34M. A hearing on these motions and on the insured’s previously filed motion for attorney’s fees was scheduled for August 20, 1996. On that day, Trust filed a “Certificate of No Opposition” in which it stated that it did not oppose a judgment against it of $865.00, but omitted any reference to attorney’s fees. The court allowed the insured’s motion for judgment in the amount of $865.00 but, at Trust’s request, deferred action on the motion for attorney’s fees and acceded to Trust’s request for discovery on the question of the amount of reasonable fees. As of that date, Trust effectively abandoned its Rule 68 Offer and any claim that it could completely avoid attorney’s fees, and instead proceeded to contest the amount of any fees awarded.
Even if Trust’s Rule 68 Offer had not been waived, Rule 68 would still be inapplicable as the final judgment obtained by the insured “was more favorable than the offer.” The insured recovered $1,280.20 in damages, $614.49 in statutory interest, $146.45 in costs and attorney’s fees of $8,816.00.The damages alone exceeded Trust’s $870.00 settlement offer. Adding in attorney’s fees for services rendered through August 20,1996 ($3,540.00), to which the insured was statutorily entitled under G.L.c. 90, §34M, the judgment (exclusive of costs and interest) was more than four times greater than Trust’s offer. Compare Marek v. Chesny, 473 U.S. 1, 4 (1985) (combined $92,000.00 recovery on wrongful death and 42 U.S.C. §1983 claims plus punitive damages and attorney’s fees was less than $100,000.00 offer). See Pine v. Rust, 404 Mass. 411, 416 (1989).
4. As its last attempt to avoid paying any attorney’s fees, Trust maintains that the insured is not entitled to any fees since he has never incurred any legal fees and has never been obligated to pay any fees. Trust may well be correct that the record supports a finding that the insured’s attorney never intended to collect any fees directly from his client, whatever the outcome of the case. The attorney did in fact assert in an advertisement placed in the Massachusetts Lawyers Weekly that he would take PIP cases “on a ‘fees-paid-by-insurer’ basis.” However, it simply does not matter that the client may never be obligated to pay his attorney, even in those cases where the operative statute provides for an award of attorney’s fees “incurred” by the prevailing party. See Torres v. Attorney General, 391 Mass. 1 (1984), where it was agreed that the client was not obligated to pay any fees because he was represented by a legal services organization. The Supreme Judicial Court stated that “if a statute authorizes an award of attorney’s fees, an award may be made to a legal services organization.” Id. at 14. See also A.B. v. C.D., 44 Mass. App. Ct. 331, 336 *93 (1998). As the Court noted in Torres, the Legislature at times
allows attorney’s fees to a successful litigant... to encourage a private enforcement of the law and to encourage the government to comply with the law at the risk of a financial loss to it if it does not. These legislative goals have been given more weight in construing the word ‘incurred’ in the context of such statutes than has the meaning of the word in a debtor-creditor sense.
Torres, supra at 15. We conclude that the award of attorney’s fees to an unpaid party as provided in G.L.c. 90, §34M is similarly designed to encourage compliance with the law by insurance companies. Compare Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991) (G.L.c. 93A provision for attorney’s fees is designed to deter unlawful conduct).
Further,
there are a wide range of statutes and laws that permit or mandate the recovery of attorney’s fees by plaintiffs who seek to enforce private rights alone or together with broader public rights.... Generally, when a court award of attorney’s fees is made pursuant to such laws, the right to the award belongs to file client, who may waive, settle, or negotiate with respect to that right.
Cambridge Trust Co. v. Hanify & King Professional Corp., 430 Mass. 472, 479 (1999). In Cambridge Trust Co., the Court noted that it was permissible for an attorney to enter into a contingent fee arrangement with his client whereby he would receive a percentage of the total recovery even if that amount exceeded the attorney’s fees awarded by the court. In the present case, the insured’s attorney simply agreed with his client to limit his fees to the amount awarded, if any. We know of nothing in the law or under public policy that precludes such an arrangement.
5. Finally, Trust makes the more familiar argument that the amount of the attorney’s fees assessed in this case was unreasonable. We disagree.
The insured’s counsel sought $5,382.00 in fees for services rendered on the original issue of Trust’s obligation to provide PIP benefits for the medical bills in question. Counsel then sought $18,276.00 in fees for his services throughout the proceedings to establish reasonable attorney’s fees. Detailed affidavits were filed to support these requests which itemized the date of each service, the subject matter and the time spent. At the trial court assessment hearing, counsel testified that his customary hourly rate was $150.00 until October, 1995 and $180.00 thereafter; that in the area in which he practices, “legal fees tend to run... depending on the experience of the attorney between $125 and $225 an hour”; and that other courts have found his hourly rate to be reasonable. The court awarded $3,250.00 for the first phase of the case (or roughly two-thirds of what had been sought), and only $5,276.00 for the second phase (less than one-third of the amount sought), for a total of $8,816.00. The court indicated that it utilized the criteria set forth in DR 2-106 (B) in making its assessment.
‘The amount of a reasonable attorney’s fee, awarded on the basis of statutory authority,... is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services.” Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). In arriving at a reasonable fee, a judge should
consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price *94 charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.
Linthicum v. Archambault, supra at 388-389 (1979). In applying these factors, which are also reflected in DR 2-106 (B), a trial judge “can discern, from his own experience as a judge and expertise as a lawyer, the amount that the attorney should be paid,” Heller v. Silverbranch Construc. Corp., 376 Mass. 621, 629 (1978), even where the attorney offers no evidence to substantiate his or her claim. See Cohen v. Lindsey, 38 Mass. App. Ct. 1, 6 n.10 (1995). While the amount of the recovery is a relevant factor, the court should also consider the remedial nature of the statute involved and the legislative purpose to be advanced. See Bertassi v. Allstate Ins. Co., 402 Mass. 366, 373-374 (1988); J.P. Construc. Co. v. Stateside Builders, Inc., 45 Mass. App. Ct. 920, 921 (1998). Finally,
[a]s a general rule, time spent in establishing and defending a fee, or objecting to an unduly small award, should be included in the final calculation of the award. Exclusion of such services would dilute the value of the award, and so frustrate the purpose of the act authorizing fees.
Stratos v. Department of Public Welfare, 387 Mass. 312, 325 (1982).
Based on the factors discussed above and the evidence before the trial court, and in view of the substantial reductions made by the court from the fee amounts sought, we find no abuse of discretion in the trial court’s assessment of attorney’s fees in this case. As to that portion of the award applicable to services rendered to establish the fees, we note that it was Trust which sought and received a schedule for discovery and thereby unnecessarily protracted the proceedings. The fee issues involved here could easily have been resolved, in the customary way, at a simple hearing before the trial judge at the end of the case, particularly in view of the fact that the fees sought for the first phase of the case were not so extravagant as to have compelled a more formal challenge.
6. In our discretion, we hereby allow the insured’s request for an award of appellate attorney’s fees. Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985). An affidavit of time and charges shall be submitted by insured’s counsel to this Division within ten days of notice of this opinion, and Trust shall have seven days from service of such affidavit to file any written opposition.
Appeal dismissed.
So ordered.

 It is unnecessary to address an argument raised by the insured in her brief relative to sanctions imposed during discovery upon her attorney. No appeal challenging that order was ever filed by the insured.

 The term “costs” is somewhat amorphous. “Certain taxable costs ... are recoverable as a matter of course by successful litigants ... ‘even though such costs are only nominal and wholly inadequate.’” Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992), quoting MacNeil Bros. v. Cambridge Sav. Bank, 334 Mass. 360, 363 (1956). See, e.g., G.L.c. 261, §§1 et seq. Such costs are to be contrasted with a party’s actual costs or expenses incurred in conducting litigation which are not generally recoverable in the absence of statute, court rule, contract or stipulation providing for them. Waldman, supra at 322.
While attorney’s fees, loosely conceptualized as litigation expenses, might seem to fall into the category of actual costs, the Supreme Judicial Court has often referred to them as separate items. See, e.g., Lattimore v. Commonwealth, 417 Mass. 805, 807 (1994) (“As a general rule, absent a statute or court rule authorizing the award of attorney’s fees and costs, parties are responsible for their own costs of litigation.”). On the other hand, the Court stated in Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dept. of Mental Retardation, 424 Mass. 430, 468 (1997) that “[a]ttorney’s fees are included in costs, but successful litigants can recover attorney’s fees only in a very restricted class of cases.” More recently, the Court has noted that “when allowable by statute, generally ‘[attorney’s fees] are more analogous to costs’ than to damages.” Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 608 n.3 (2000) (attorney’s fees under PIP statute), quoting from Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985) (fees under G.L.c. 93A).
Whatever the general conception of attorney’s fees as actual costs, something analogous thereto or an entirely separate item of recovery, we do not construe the term “costs” in Rule 115 as including attorney’s fees.

 Section 23 of G.L.c. 218 authorizes the judge, in the exercise of his or her broad discretion, to report a question of law to this Division. The parties, however, have no right to such report.