Curtin, J.
Argued the same day as Kaplan v. Trust Ins. Co., 2000 Mass. App. Div. 95, this is also a Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal by Trust Insurance Co. (‘Trust”) of the trial court’s award of attorney’s fees to the plaintiff under G.L.c. 90, §34M.
This action was commenced by the injured insured to recover $627.00 in Personal Injuiy Protection (“PIP”) benefits for medical bills which Trust refused to pay. As appears to be typical lately in this type of case, any real dispute on the merits quickly took a back seat to the quarrel about attorney’s fees. Nine days after suit was filed, the parties began discussing a settlement. A few days later, Trust called plaintiffs counsel with an offer of judgment for the full $627.00 in PIP benefits it had refiised to pay short of litigation, plus $146.45 in costs and $200 in attorney’s fees. Plaintiff’s counsel responded that although attorney’s fees to date totaled $1,300.00, the case could still be settled for the offered $627.00 in PIP benefits and $146.45 in costs, plus $985.00 in attorney’s fees. Trust did not respond to that offer, but a few months later filed a Mass. R. Civ. P., Rule 68, Offer of Judgment in the amount of $650.00 “with costs accrued to date,” but with no mention of any attorney’s fees which are mandated by statute. The plaintiff accepted that offer on the condition that he was not waiving his claim to attorney’s fees. At that point, any chance of an expeditious resolution quickly gave way to a needlessly protracted fight over fees for almost three years. The trial court ultimately assessed attorney’s fees in the total amount of $3,186.00, an amount which was only about twenty (20%) percent less than the total plaintiffs counsel ultimately sought, but significantly more than the case could have been settled for years earlier.
As was the case in Kaplan, this matter is controlled by our decision in Moon v. Trust Ins. Co., 2000 Mass. App. Div. 89, and Trust’s appeal must be dismissed. We feel compelled to note, however, that cases of this kind serve only to waste the resources of the trial court and to result in unnecessary expense to the insurers which are presumably passed on to the motoring public. Notwithstanding the results in these three appeals decided this date, use of Rule 68 would appear to be an appropriate vehicle to avoid such needless waste and expense. However, any offer by the insurer under Rule 68 must not only encompass the amount due on the underlying dispute, but must also include a reasonable amount for the attorney’s fees prescribed by statute. It would appear that the insurer in all three of these cases {Moon, Kaplan and the present case), by overreacting at an early stage to what it may have perceived as a misuse of the PIP statute, proved to be ultimately penny wise, but dollar foolish.
Appeal dismissed.
So ordered.