ARA ERESIAN, JR. *vs.* JEFFREY HALL. August 31, 2004. *Practice, Civil,* Small claims procedure, Report. *District Court,* Small claims procedure. *Supreme Judicial Court,* Superintendence of inferior courts.

Ara Eresian, Jr., appeals from the denial by a single justice of this court of his petition pursuant to G. L. c. 211, § 3, seeking to vacate a small claims judgment entered against him in the District Court. We affirm.

*Background.* This case began as a small claims action brought by Jeffrey Hall against Eresian. Eresian did not move to transfer the case to the regular civil docket of the District Court. Instead, the parties appeared before a clerk-magistrate, who entered a judgment against Eresian after a hearing. Eresian filed a notice of appeal and requested a trial in the jury of six session. After a trial and jury verdict, judgment was again entered against Eresian. Instead of requesting that the judge report questions of law to the Appellate Division of the District Court pursuant to G. L. c. 218, § 23,[1] Eresian filed a notice of appeal, purportedly seeking review in the Appeals Court pursuant to Rule 10 (e) of the Uniform Small Claims Rules (1999).[2]

Shortly after Eresian filed his notice of appeal, a clerk-magistrate of the District Court sent him a letter, informing him that "there is currently no procedure for an appeal of a Small Claims action to the Appeals Court." The letter specifically directed Eresian's attention to G. L. c. 211A, § 10, as well as this court's decision in *Trust Ins. Co.* v. *Bruce at Park Chiropractic Clinic,* 430 Mass. 607 (2000).[3,4] Eresian received the letter, yet took no action,

---

[1]General Laws c. 218, § 23, provides, in pertinent part: "No party to a cause under the [small claims] procedure shall be entitled to a report. If the court is of the opinion that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the appellate division."

[2]At the time, Rule 10 (e) of the Uniform Small Claims Rules (1999) stated, in pertinent part: "Any claim of appeal from the judgment of the jury session to the Appeals Court shall be filed in the jury session within ten days after entry of judgment."

[3]In *Trust Ins. Co.* v. *Bruce at Park Chiropractic Clinic,* 430 Mass. 607, 610 n.9 (2000), which was decided one full year before the jury verdict was entered against Eresian, the court stated:

> "To the extent that Rule 10 (e) of the Uniform Small Claims Rules (1999) provides for an appeal to the Appeals Court from the jury session, it is in conflict with G. L. c. 218, § 23, which provides for the report of questions of law to the appellate division in certain circumstances. General Laws c. 211A, § 10, provides for an appeal from the appellate division to the Appeals Court."

[4]In response, rule 10 (e) was amended in October, 2001, effective January 1, 2002, to

allegedly in the mistaken belief that his appeal would be "processed in the correct court."

About nineteen months later, Eresian was served with a capias for his failure to satisfy the small claims judgment. At the contempt hearing, Eresian argued that his "right to due process had been abrogated by his inability to be able to pursue an appeal." The District Court judge rejected this argument and ordered Eresian to pay the judgment in monthly installments. Eresian failed to do so, instead giving his attorney the first two monthly payments as "security" while he purported to seek reversal of the underlying judgment. The judge issued another order requiring Eresian to instruct his attorney to make the required payments to Hall "forthwith," or risk sanctions, including imprisonment. In response, Eresian filed his petition in the county court pursuant to G. L. c. 211, § 3, seeking an order vacating the judgment entered after the jury verdict and remanding the matter to the regular civil docket of the trial court.

*Discussion.* To date, it appears that Eresian has failed to pay the outstanding judgment. His failure to abide by the proper procedure for obtaining review, while at the same time refusing to satisfy the judgment, flies in the face of the small claims procedure, which is designed to provide litigants with a "simple, informal and inexpensive" method by which to resolve their disputes. G. L. c. 218, § 21. When litigants agree to take advantage of this procedure (in the case of defendants, by declining to transfer the case to the regular civil docket), they also agree to limited appellate review. See G. L. c. 218, § 23.

Here, Eresian could have opted to transfer the case to the District Court's regular civil docket, thus preserving all the usual formalities of District Court civil litigation..Instead, he agreed to proceed before a clerk-magistrate in the small claims session. When he lost there, he sought a trial in the jury of six session, and when he lost there, he attempted to appeal from that judgment to the Appeals Court. However, this court determined, almost one year before Eresian filed his notice of appeal, that a small claims litigant's sole avenue of review following a jury trial is to request a report of questions to the Appellate Division of the District Court. See *Trust Ins. Co.* v. *Bruce at Park Chiropractic Clinic, supra* at 610 n.9. Eresian was specifically informed of this by a District Court clerk-magistrate. If he wished further review of the jury of six judgment, he should have requested a report to the Appellate Division. We reject Eresian's contention that he was somehow deprived of his right to make an intelligent decision whether to have his case transferred to the regular civil docket prior to the initial hearing before the clerk-magistrate. In any event, he could have pursued that claim in a report to the Appellate Division.

*Judgment affirmed.*

*Angelo P. Catanzaro,* for the plaintiff, submitted a brief.

---

limit appeals to the Appeals Court "to those deriving from cases tried by a judge or before a jury in the Housing Court Department," essentially because there is no appellate division in the Housing Court Department. Commentary to 2001 amendments, Rule 10 (e) of the Uniform Small Claims Rules 469 (2004).