TERRY CHRISTOPHER & another[1] *vs.* KENNETH PORTER & others.[2] November 28, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *District Court,* Small claims procedure. *Practice, Civil,* Frivolous action.

Terry and Ed Christopher (landlords) appeal from a judgment of the county court denying their petition for relief under G. L. c. 211, § 3. Two of the respondents, Kenneth Porter and Janice Sullivan (tenants), have moved to dismiss the appeal on the grounds that the landlords had adequate alternative remedies and that the appeal is untimely. They also request that we impose sanctions pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). While we do not agree that the appeal is untimely or that sanctions are warranted in these circumstances, we agree with the tenants that the landlords had adequate alternative remedies. We therefore affirm the judgment.

The matter arose from a dispute in the small claims session of the District

[1]Ed Christopher.
[2]Janice Sullivan and Jada Sherman.

Court. The tenants commenced an action for return of their security deposit. A third tenant, Jada Sherman, separately commenced a like action, and the cases were consolidated. The landlords did not move to transfer the cases to the regular civil docket of the District Court pursuant to G. L. c. 218, § 24. See *Daum* v. *Delta Airlines, Inc.*, 396 Mass. 1013, 1014 (1986) (small claims defendant's motion to transfer "should rarely, if ever," be denied). A clerk-magistrate ruled in all three tenants' favor, and the landlords appealed for a trial in the regular jury session of the District Court. A judge in the District Court again ruled in the tenants' favor, concluding that the landlords were not entitled to retain any portion of the security deposit and awarding treble damages under G. L. c. 186, § 15B (6), (7). After this decision was issued, the landlords filed a "joint notice of appeal," listing numerous "questions of law" that they contended were presented by these cases but containing no request that the judge report the cases to the Appellate Division of the District Court pursuant to G. L. c. 218, § 23, tenth par. After final judgments entered, the landlords again filed a "notice of appeal," the contents of which have not been provided to us. The judge did not report the cases to the Appellate Division. The landlords' G. L. c. 211, § 3, petition followed, seeking vacatur of the judgments or an order that the matter be reported to the Appellate Division.

The tenants argue that the landlords' appeal from the judgment of the single justice is untimely. We disagree. Regardless whether the time to appeal ran from the date of the single justice's judgment or from the date of a subsequent order denying the landlords' motion to vacate, the notice of appeal was filed within thirty days. Mass. R. A. P. 4 (a), as amended, 430 Mass. 1603 (1999). The shorter appeal periods set forth in S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995), and Mass. R. A. P. 27.1 (a), as amended, 367 Mass. 920 (1975), are inapplicable here. The landlords' petition sought relief from final judgments, not from any interlocutory ruling, see S.J.C. Rule 2:21 (1), and this case presents an appeal from a judgment of the county court, not an application for further appellate review. See Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 (1998).

Nonetheless, the landlords were not entitled to relief under G. L. c. 211, § 3. To obtain such extraordinary relief, the landlords were required to "demonstrate both a substantial claim of violation of [their] substantive rights and error that cannot be remedied under the ordinary review process." *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). Each of the landlords' claims could have been addressed in the review process provided for small claims proceedings. *Eresian* v. *Hall*, 442 Mass. 1022, 1023 (2004). "[A] small claims litigant's sole avenue of review following a jury trial is to request a report of questions to the Appellate Division." *Id.*, citing *Trust Ins. Co.* v. *Bruce at Park Chiropractic Clinic*, 430 Mass. 607, 610 n.9 (2000). That the landlords' appeal in the District Court was heard in a bench proceeding rather than a jury trial is of no moment.[3] We need not decide whether the landlords made such a request by filing their "notices of

---

[3]In their brief, the landlords argue that they were unfairly deprived of their right to a jury trial in the District Court. We express no view on the merits of this argument, but conclude only that this issue could have been raised in a request for a report.

appeal."[4] The fact that this remedy was available to them is sufficient to warrant the denial of relief under G. L. c. 211, § 3. By declining to move to transfer the cases to the regular civil docket and submitting to the "simple, informal and inexpensive" small claims process, the landlords "agree[d] to limited appellate review." *Eresian* v. *Hall, supra*, quoting G. L. c. 218, § 21.

Although we conclude that the single justice properly denied relief, we do not find that sanctions are warranted in these circumstances. "We are hesitant to deem an appeal frivolous and grant sanctions except in egregious cases." *Symmons* v. *O'Keeffe*, 419 Mass. 288, 303 (1995), citing *Avery* v. *Steele*, 414 Mass. 450, 461 (1993). This is not such a case.

*Judgment affirmed.*

The case was submitted on briefs.

*Terry Christopher*, pro se.

*Ed Christopher*, pro se.

*Thomas F. Feeney* for Kenneth Porter & another.


---

[4]As noted, the judge did not report the cases to the Appellate Division. To the extent that the landlords requested a report, we consider that request to have been implicitly denied.