MICHAEL ALBERT *vs.* EDWIN H. HOWARD.[1] September 24, 2010. *Supreme Judicial Court,* Superintendence of inferior courts. *District Court,* Small claims procedure.

Michael Albert appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief from a judgment of the District Court. We affirm.

Albert was the defendant in a small claims action commenced by a law firm to collect payment for legal services provided to him. He did not move to transfer the case to the regular civil docket of the District Court pursuant to G. L. c. 218, § 24. The firm prevailed at a trial before a clerk-magistrate, and Albert appealed, claiming a trial in the jury session. The record indicates that Albert failed to appear on the trial date, and as a result, judgment was entered in the firm's favor. Albert filed a motion in the District Court seeking relief from the judgment, but the motion was denied. Some months later, Albert was found to be in contempt of his payment obligation.[2] His petition to the single justice followed. Treating the petition as one for extraordinary relief under G. L. c. 211, § 3, the single justice denied relief.

Relief was properly denied. It was Albert's burden to "demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process." *McGuinness* v. *Commonwealth,* 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue,* 406 Mass. 701, 706 (1990). Albert cannot do so. His claim that he was unfairly denied a jury trial "could have been addressed in the review process provided for small claims proceedings." *Christopher* v. *Porter,* 450 Mass. 1007, 1008 (2007), citing *Eresian* v. *Hall,* 442 Mass. 1022, 1023 (2004). Pursuant to this review process, after proceedings concluded in the jury session with the denial of his motion for relief from the judgment, Albert had the right to request a report of questions of law to the Appellate Division pursuant to G. L. c. 218, § 23, tenth par. See *Christopher* v. *Porter, supra.* He did not do so. Moreover, by not moving to transfer the matter to the regular civil docket at the outset, Albert submitted to the "simple, informal and inexpensive" small claims process and "agree[d] to limited appellate review." *Christopher* v. *Porter, supra* at 1009, quoting *Eresian* v. *Hall, supra.*

*Judgment affirmed.*

*Michael Albert,* pro se.

[1]Doing business as Bonville & Howard.

[2]In the interim, Albert filed a complaint with the Office of Bar Counsel (bar counsel) against his former attorney. The bar counsel found no basis for disciplinary action. That decision is not before us.