NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12497


D.R. PECK EXCAVATING, INC.  vs.  JOSE MACHADO.


February 8, 2019.


Supreme Judicial Court, Superintendence of inferior courts.
    District Court, Small claims procedure, Appellate Division.
    Practice, Civil, Small claims procedure, Appellate
    Division:  appeal, Frivolous action.


     The petitioner, D.R. Peck Excavating, Inc. (DRPE), appeals
from a judgment of a single justice of this court denying its
petition pursuant to G. L. c. 211, § 3.  We affirm.

     Background.  The dispute between DRPE and the respondent,
Jose Machado, involves certain work that Machado performed on a
construction site in Middleborough.  DRPE was a subcontractor on
the project.  The parties agree that Machado performed the work,
but they disagree as to whether DRPE had actually ever hired
Machado to do it and, consequently, whether Machado was entitled
to be paid for it.  When both DRPE and the general contractor
refused to pay him, Machado commenced a small claims action
against DRPE in the District Court.  The case proceeded from
beginning to end under the small claims procedure.  See G. L.
c. 218, §§ 21-25.  See also Uniform Small Claims Rules (2009).

     At the initial trial before a clerk-magistrate, the
clerk-magistrate found in favor of Machado.  DRPE then claimed a
right to a trial by jury, as it was entitled to do.  The jury
found in favor of Machado for the maximum amount permitted in
small claims actions, $7,000, which, with costs and prejudgment
interest added, resulted in a judgment for Machado in excess of
$8,000.  DRPE thereafter filed a motion for remittitur and, as
it was entitled to do, a request for the judge to report the
case to the Appellate Division of the District Court, both of

which the judge denied. DRPE then filed a notice of appeal, purporting to appeal to the Appellate Division from various rulings that were made at trial, from the denial of the posttrial motion for remittitur, and from the denial of the request for a report of the case to the Appellate Division. DRPE represents to us (albeit without any support in the record) that a second District Court judge informed DRPE's counsel that it had no right to appeal at that point.

DRPE next filed its G. L. c. 211, § 3, petition in the county court, in which it argued, among other things, that the first District Court judge erred in denying its request for a report to the Appellate Division, and that the second judge erroneously denied its right to appeal to the Appellate Division. DRPE alleged in its petition that it had no remedy other than to seek relief pursuant to G. L. c. 211, § 3. The single justice summarily denied the petition.

Analysis. In its appeal to this court, DRPE fails to address the very limited issue that is properly before us, namely whether the single justice erred -- more specifically, whether the single justice was required to employ this court's extraordinary power of general superintendence with the case in this posture. DRPE's brief makes no mention of the single justice's ruling, except for one sentence in its statement of the procedural history of the case in which it acknowledges that the single justice denied the petition. The brief focuses entirely on what DRPE alleges were an assortment of errors by the District Court judges in the proceedings below. Nowhere does DRPE assert in its brief, let alone offer adequate appellate argument, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), that it had no means to remedy those errors other than through a petition under G. L. c. 211, § 3.[1] The omission is significant because, as we shall explain, DRPE had an adequate, well-established alternative remedy, and the single justice therefore correctly determined that general superintendence relief from this court pursuant to G. L. c. 211, § 3, was unwarranted in these circumstances. See McMenimen v. Passatempo, 452 Mass. 178, 185 (2008) ("It is principally for this reason -- the availability of adequate alternative remedies -- that single justices of this court routinely deny petitions

---

[1] Likewise, the record appendix contains none of the operative documents from the county court, e.g., the docket entries, the petition, or the single justice's decision. See Mass. R. A. P. 18 (a), as amended, 425 Mass. 1602 (1997).

under G. L. c. 211, § 3, often without hearings, and those decisions are routinely affirmed by this court, often in rescript opinions, when they are appealed to the full court").

The small claims procedure was designed by the Legislature to be a "simple, informal and inexpensive procedure." G. L. c. 218, § 21. It is not the exclusive process for prosecuting or defending claims of small dollar values, but rather it exists as an alternative to the more formalized process that applies to regular civil cases. Id. Parties who opt to take advantage of its benefits forgo certain rights that they would otherwise have in a regular civil case, including the regular rights of appellate review. See Eresian v. Hall, 442 Mass. 1022, 1023 (2004); Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986). So, for example, after a small claims case is tried in the District Court before a judge or a jury, the losing litigant has no right to appeal to the Appellate Division. A party may ask the judge to exercise his or her discretion to report the matter to the Appellate Division if the judge believes that questions of law within the case require appellate review, but "[n]o party . . . shall be entitled to a report." G. L. c. 218, § 23. See generally M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court §§ 15.87, 15.88 (5th ed. 2018) (Perlin & Connors).

If DRPE wished to preserve its regular appellate rights (and other incidents of the regular civil process), it had an avenue by which to do so. Before the case was tried initially to the clerk-magistrate, it could have requested that the case be transferred out of the small claims session and onto the regular civil docket. G. L. c. 218, § 24. Rule 4(a) of the Uniform Small Claims Rules (2009). See Perlin & Connors, supra at § 15.36. We have consistently held that a defendant who fails to take that step has no right later to obtain review under G. L. c. 211, § 3, to replace the appellate rights it voluntarily relinquished by going forward under the small claims procedure; put another way, the transfer option is, for G. L. c. 211, § 3, purposes, an adequate alternative remedy. See, e.g., Albert v. Howard, 458 Mass. 1005, 1005 (2010); Christopher v. Porter, 450 Mass. 1007, 1008-1009 (2007); Eresian, 442 Mass. at 1023; Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 610 (2000); Daum, 396 Mass. at 1014.[2]

---

[2] We recognize that the statute appears to make the decision whether to grant a request for transfer to the regular civil docket discretionary. However, for reasons explained in Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986) --

Further, to the extent DRPE is claiming that it was entitled to appeal to the Appellate Division from the District Court judge's denial of its request to report the matter to the Appellate Division, it was nevertheless not entitled to relief under G. L. c. 211, § 3. It could have resolved that claim through appropriate steps in the District Court and, if necessary, by filing a second notice of appeal (on the limited question whether it had a right to appeal) if the judge or the District Court clerk's office failed to accept or process its first notice of appeal. See, e.g., Skandha v. Clerk of the Superior Court for Civ. Business in Suffolk County, 472 Mass. 1017, 1018-1019 (2015), and cases cited. See also Associated Chiropractic Servs., Inc. vs. Travelers Ins. Co., Mass. App. Div., No. 9492 (Dist. Ct. Sept. 24, 1998).[3]

---

essentially, that a refusal to grant the request could impair a defendant's right to a jury trial, as well as the clear statutory mandate that the small claims process be a nonexclusive alternative remedy -- we have said that "a judge should rarely, if ever, exercise his discretion to prevent [transfer]." Id. See Gozzo v. Anglin, 31 Mass. App. Ct. 936, 936 (1991). See also Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 610 (2000) (recognizing necessity of transfer option in order to preserve appellate rights); M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 15.36 (5th ed. 2018). Contrast Lyons v. Kinney Sys., Inc., 27 Mass. App. Ct. 386, 389 (1989) (affirming discretionary denial of motion to transfer where sole reason for request was "to accomplish a purpose that can be wholly satisfied in the small claims session," i.e., to provide defendant with discovery).

We need not concern ourselves with what would have happened had DRPE asked to have the case transferred to the regular civil docket but had that request denied. It suffices to say that DRPE never requested a transfer. See Daum, 396 Mass. at 1014 (small claims defendant did not request to have case transferred to regular docket; "[i]n deciding this appeal we cannot assume that a judge presented with a proper [transfer] motion would have denied the defendant the opportunity to try the case in accordance with the regular civil procedures of the District Court").

[3] Having said this, we hasten to add that we have found no case in which an appellate court has ever said that a judge erred or abused his or her discretion in declining to report a

Sanction.  "If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee, and such interest on the amount of the judgment as may be allowed by law."  Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979).  See G. L. c. 211, § 10.

We are generally hesitant to deem an appeal frivolous, except in egregious cases, but this is such a case.  In light of the clear, unbroken line of precedent cited above, indicating that a small claims defendant has no right to relief under G. L. c. 211, § 3, in circumstances like this, DRPE and its counsel could have had no reasonable expectation whatsoever of a reversal after the single justice denied their petition.  See Avery v. Steele, 414 Mass. 450, 455 (1993).  DRPE did not argue for a change in the law.  Indeed, as we have said, DRPE did not even make an argument in its brief that the single justice erred.  Given the state of the law and DRPE's failure meaningfully to brief the only correct issue on the appeal, we hereby order, as a sanction under rule 25, that DRPE pay $500 to the appellee and double his costs on appeal.

Conclusion.  The judgment of the single justice denying DRPE's petition is affirmed.  Additionally, as a sanction for this frivolous appeal, DRPE is to pay Machado $500 plus double his appellate costs.

So ordered.

John E. Zajac for the petitioner.
Jose Machado, pro se.

---

small claims case to the Appellate Division, or even that such a ruling is, in fact, appealable.