COMMONWEALTH vs. WILLIAM F. BROWN, JR.  December 11, 1980.
After a trial before a jury of six in a District Court, the defendant was convicted on complaints charging unlawful carrying of a firearm (G. L. c. 269, § 10[a]) and unlawful possession of ammunition (G. L. c. 269, § 10[h]) and acquitted on a complaint charging assault by means of a dangerous weapon.  The minimum mandatory one-year term was imposed on the carrying charge (with a concurrent term on the § 10[h] conviction).  Execution of the sentences was stayed by a single justice of this court.  On appeal, the defendant contends that the instructions to the jury were erroneous in certain critical respects entitling him to a new trial in the interests of justice.  Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).  Commonwealth v. Dunphy, 377 Mass. 453, 454 (1979).  We agree that the judgments must be reversed.

1.  The central issue at the trial concerned the manner in which the defendant had come into possession of a loaded .38 caliber pistol.  The Commonwealth's evidence indicated that the defendant threatened the victim with the pistol during a quarrel outside the defendant's bar, that the police were called, that the pistol was subsequently seized from under the bar, and that the defendant was arrested when he failed to produce the necessary authorizations for the pistol and the ammunition.  At the trial the defendant did not contest the fact that he lacked authorizations for the weapon and its ammunition.  Instead, his case rested on his testimony, corroborated by three witnesses, that in the course of the argument with the victim inside the bar he noticed that the victim had a pistol tucked in his waist, that to protect himself and his patrons he seized the gun and had the victim ejected from the premises, and that he intended to deliver the pistol to the police station after he cashed up and closed the bar for the night.

The evidence required the judge to define the elements of each crime and to explain that the Commonwealth had the burden of establishing the existence of each essential element of each of the crimes beyond a reasonable doubt as well as the burden of proving the absence of justification on the defendant's part.  See Commonwealth v. Dunphy, supra at 460.  The charge failed to meet these requirements.  In particular, the charge failed to define the element of "carrying" with reference to the § 10(a) offense and failed to provide any instructions on the elements of the § 10(h) complaint.  As to these omissions, we cannot accept the Commonwealth's argument that the jury could have filled in the gaps by applying their common knowledge or by logical inferences from the facts.  The term "carrying" as used in § 10(a) has a particular judicially defined meaning and involves more than temporary possession of a firearm.  See Commonwealth v. Atencio, 345 Mass. 627, 631 (1963); Commonwealth v. Seay, 376 Mass. 735, 737 (1978); Commonwealth v. Osborne, 5 Mass. App. Ct. 657, 658-659 (1977).  It was important for the jury to know this in order to evaluate the testimony that the defendant was holding the

pistol with the intention of surrendering it to the police. Further, the § 10(h) complaint charged an offense distinct from the § 10(a) complaint and separate enumeration and definition of its elements were required. See and compare the recommended instructions for the two offenses in instruction 5.60 of the Model Jury Instructions for Criminal Offenses Tried in the District Courts (1980 rev.). We cannot say that it was proper for the charge to leave the jury to speculate on the elements of that offense. See *Commonwealth* v. *Niziolek*, 380 Mass. 513, 528-529 (1980). Such "errors go directly to a defendant's right to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are." *United States* v. *Fields*, 466 F.2d 119, 121 (2d Cir. 1972). See also *United States* v. *Natale*, 526 F.2d 1160, 1167 (2d Cir. 1975) ("not even undisputed fact may be removed from the jury's consideration, either by direction or by omission in the charge"), cert. denied, 425 U.S. 950 (1976).

There was also error in the instructions pertaining to the justification evidence. The combination of language and concepts used in the charge which (a) placed the burden of proving the elements (to the extent defined) of the crimes on the Commonwealth, (b) imposed the burden of proving the existence of licenses (a defense never raised) on the defendant, and which (c) tended to place the burden of establishing justification on the defendant, could have led the jury to assume that the defendant had failed to meet that burden, which had been improperly imposed on him, and that, even if they credited the defendant's version of the events, the Commonwealth had proved its case. See *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 687 (1976); *Commonwealth* v. *Collins*, 374 Mass. 596, 599 (1978); *Connolly* v. *Commonwealth*, 377 Mass. 527, 535-536 (1979); *Commonwealth* v. *Dunphy, supra* at 459.

2. None of the foregoing errors was brought to the judge's attention by the defendant's trial counsel, and they are raised here for the first time by counsel retained for the appeal. In deciding whether relief is warranted, we have considered the Commonwealth's apparent concession that the failure to charge on certain elements of the firearm offenses was error and that the instructions on justification were "flawed." We do not accept the Commonwealth's other arguments in aid of the verdicts; nor are we satisfied that trial counsel's neglect in failing to object to the charge can be effectively reconciled with trial strategy. The defects involve the "integrity of the fact-finding process" (*Reddick* v. *Commonwealth*, 381 Mass. 398, 403 [1980]), which necessitates special care on review to assure that the jury had a proper analytical framework for consideration of the issues. In view of the acquittal on the assault charge, which manifests some disbelief of the Commonwealth's version of the events, it would be unduly speculative to hypothesize what verdicts the jury might have returned on the firearm complaints had they been correctly instructed in all material respects. Under the circumstances a new trial is required.

*Judgments reversed.*

*Verdicts set aside.*

*Linda J. Thompson* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.