COMMONWEALTH *vs.* DAVID J. MORALES. December 6, 1982. In this
case, as in *Commonwealth* v. *Dunphy,* 377 Mass. 453, 458 (1979),
"whether G. L. c. 269, § 10(a), makes criminal the defendant's conduct
depends solely on where the alleged violation occurred." The defendant
had a firearm identification card and if he carried the gun within an area
within his exclusive control, his conduct did not come within the ambit of
G. L. c. 269, § 10. *Ibid.*

The judge's charge was inadequate. The only portion of the charge
which dealt with "carrying" was as follows: "Now carrying a firearm

occurs when a person knowingly has momentary possession of a working firearm and moves it from one place to another." (The judge also referred to portions of G. L. c. 140, §§ 131 and 131F, dealing with licenses to carry.) Although the defendant's counsel made no objection to this portion of the charge, and although this case was tried subsequent to *Commonwealth* v. *Seay,* 376 Mass. 735 (1978), and *Commonwealth* v. *Dunphy, supra,* we conclude the defendant is entitled to a new trial. He may have been convicted of a crime which imposes a mandatory sentence of imprisonment without a finding by the jury, on conflicting evidence, of the essential elements of the crime. See *Commonwealth* v. *Dunphy, supra* at 459; *Commonwealth* v. *Brown,* 10 Mass. App. Ct. 935 (1980).

We cannot determine that the error was harmless. It is true that the evidence most favorable to the Commonwealth would establish a "carrying" charge. There was even a written statement made by the defendant to the police which might have been found by the jury to indicate that the gun was given to the defendant in a motor vehicle some distance away and that he then brought it back to his room (a "carrying" within the statute). At trial, however, the defendant explained that his statement did not portray the proper time sequence. He claimed the gun had been returned to him in his garage and that he had only carried it from there to his room in the adjacent house.

The Commonwealth urges that even on the defendant's trial testimony, the carrying charge is established. Pointing out that two persons shared the premises with the defendant, one a man named Fickett and the other a person who the jury could infer was the defendant's girlfriend, it argues that the defendant's control of the premises was not exclusive and that he had carried the gun in a common area. See *Commonwealth* v. *Seay, supra* at 742. As to Fickett, it is not evident that the gun was taken to the house at a time when Fickett had any right of access to the premises. As to the woman, even if the defendant lived with a woman from time to time, this fact alone would not warrant a finding that the defendant lacked exclusive control of the premises. The Commonwealth properly conceded at oral argument that in the circumstances of this case the defendant's use of the garage for a car repair business does not supply the requisite common access. See *Commonwealth* v. *Seay, supra* at 742.

We in no way intimate that at a new trial, when the issue is more fully litigated, the Commonwealth will be unable to prove that the defendant carried the firearm through a common area to which other occupants of the building or its owner had access. The judgment is reversed, the verdict set aside, and the case remanded to the Superior Court for a new trial.

*So ordered.*

*Marianne Marxkors* for the defendant.
*Kevin M. Flynn,* Assistant District Attorney, for the Commonwealth.