VIJAI B. PANDEY & another[1] *vs.* WARE DIVISION OF THE DISTRICT COURT DEPARTMENT. February 20, 1992. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Small claims procedure.

This action under G. L. c. 211, § 3 (1990 ed.), arises out of an attempt by the plaintiffs to obtain relief from judgments entered in a small claims proceeding in the Ware Division of the District Court Department. In December, 1990, the plaintiffs filed a complaint against United Parcel Service (UPS), alleging that UPS had lost a package containing musical equipment worth $840 which the plaintiffs had shipped to a third party. The plaintiffs alleged total damages of $1,500. After a hearing, a District Court judge in the small claims session found in favor of the plaintiffs against UPS.[2] Based on a limitation on liability in UPS's shipping contract, the judge limited the plaintiffs' recovery to $105.21.[3]

Dissatisfied with the amount of their recovery, the plaintiffs filed a motion for relief from judgment pursuant to Rule 8 of the Uniform Small Claims Rules (1991). After a hearing, the District Court judge denied the motion on April 24, 1991. The plaintiffs then filed a complaint in the Supreme Judicial Court for the county of Suffolk under G. L. c. 211, § 3, seeking reversal of the judge's denial of their motion and naming the District Court judge, as well as the Ware Division of the District Court, as defendants. Neither UPS nor the other defendants in the District Court were named as parties in the complaint for relief under G. L. c. 211, § 3.

The defendants moved to dismiss the complaint on the grounds that G. L. c. 211, § 3, review was inappropriate and that the plaintiffs had failed to join an indispensable party. See Mass. R. Civ. P. 12 (b) (7), 365 Mass. 754 (1974). A single justice allowed the motion to dismiss on June 12, 1991. The plaintiffs appealed to the full court. We affirm.

---

[1]Prashant K. Pandey.

[2]The plaintiffs' complaint also named the shipping agent, Serio's Pharmacy, as well as a shipping insurance company, Package Express Center, Inc., as defendants. The District Court judge found in favor of these defendants.

[3]UPS's shipping contract limited its liability to $100. The judge apparently arrived at the figure of $105.21 by adding the plaintiffs' shipping costs to the award.

General Laws c. 211, § 3, provides in pertinent part that "[t]he supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided . . . ." The plaintiffs offered two arguments to the single justice and to this court in support of their claim that extraordinary relief is warranted in this case. First, the plaintiffs contend that the District Court judge's decision limiting their recovery was erroneous. Second, the plaintiffs allege that the judge was biased against them.

We shall not disturb the decision of a single justice on appeal absent clear error of law or abuse of discretion. *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106 (1989). As to the plaintiffs' argument that the District Court judge erred in enforcing the liability limitation against them, the single justice was warranted in dismissing their complaint because, by choosing to pursue their claim as plaintiffs in the small claims session, the plaintiffs waived their right to appeal from any adverse rulings. Under G. L. c. 218, § 23 (1990 ed.), only a defendant in a small claims action is granted a right to appeal from an adverse ruling. See Rule 10 of the Uniform Small Claims Rules (1991). In this context, where the plaintiffs chose to pursue the small claims procedure which is "not exclusive but an alternative to the formal procedure of the District Courts," *Daum* v. *Delta Airlines, Inc.* 396 Mass. 1013, 1014 (1986); G. L. c. 218, § 21 (1990 ed.), the single justice was warranted in refusing to grant relief under G. L. c. 211, § 3. See *Daum*, *supra* ("It is clear . . . that a party may submit to a District Court procedure and by doing so lose appellate rights that would otherwise exist").

To the extent that the plaintiffs argue that the District Court judge was biased against them in the underlying proceeding, we find nothing in the record to support this contention. In the absence of any such evidence, the single justice was clearly warranted in dismissing the plaintiffs' request for extraordinary relief under G. L. c. 211, § 3. See *Fogarty*, *supra* at 106-107 ("Clearly . . . an unsupported charge of . . . judicial misconduct fail[s] to demonstrate a 'substantial claim . . .' necessary to justify the extraordinary relief of G. L. c. 211, § 3").[4]

*Judgment affirmed.*

*Vijai B. Pandey*, pro se.
*Daniel W. Halston*, Assistant Attorney General, for the defendants.

---

[4]In light of our decision, we need not discuss the other arguments raised in support of the decision of the single justice.