Bischof v. Kern.

SIMON-PETER BISCHOF vs. STEPHEN KERN.

No. 91-P-419.

Suffolk. April 22, 1992. - July 23, 1992.

Present: PERRETTA, SMITH, & GREENBERG, JJ.

*Practice, Civil*, Small claims procedure, Jury trial, Counterclaim and cross-claim. *Constitutional Law*, Trial by jury, Waiver of constitutional rights. *Waiver*.

A plaintiff who elected the small claims procedure in the Boston Municipal Court Department did not thereby waive his right under the second sentence of the second paragraph of G. L. c. 218, § 23, to appeal to the jury session of that court from the judge's decision on the defendant's counterclaim. [47-48]

CIVIL ACTION commenced in the Boston Municipal Court Department on October 12, 1990.

An appeal to the jury session of that court was dismissed by *John A. Pino*, J.

The plaintiff, pro se.

The defendant, pro se.

GREENBERG, J. Because the plaintiff, also defendant in counterclaim, believed that his landlord wrongfully held his security deposit in violation of G. L. c. 186, § 15, he opted, pro se, for the "simple, prompt, and informal means, at small expense, for adjudication of [his] claim[]" in the small claims session of the Boston Municipal Court. *McLaughlin* v. *Levenbaum*, 248 Mass. 170, 175-176 (1924). See G. L. c. 218, §§ 21-25. The defendant, seeking three months of rent in damages for the plaintiff's alleged breach of his written lease of the apartment, filed a counterclaim as permitted by Uniform Small Claims Rule 3(c) (1983).[1]

---

[1] By order of the Supreme Judicial Court dated October 17, 1983, the Uniform Small Claims Rules were designated as Trial Court Rule III. The

There was a hearing before a judge, who found in favor of the defendant (the landlord) on the original action and against the plaintiff (the tenant) on the counterclaim, and a judgment for $635 was entered. The plaintiff appealed the decision of the judge on the counterclaim to the jury session of the Boston Municipal Court pursuant to the second sentence of the second paragraph of G. L. c. 218, § 23, as amended through St. 1986, c. 295.[2] A judge assigned to the six-member jury session dismissed the appeal on the ground that the plaintiff had no right to appeal. From that order the plaintiff now appeals.[3]

We have found no case expressly addressing the issue whether a small claims plaintiff, who opts for the small claims court and loses on a counterclaim, is deemed to have waived his right to a jury trial on that counterclaim.[4]

Normally a plaintiff who elects the small claims procedure waives any right to a trial by jury on the principal claim, unless the defendant claims an appeal to the six-person jury in the District or Municipal Court under G. L. c. 218, § 23. In contrast, a small claims defendant has a right to a jury

District/Municipal Courts Rules of Civil Procedure do not govern small claims practice. See Dist./Mun.Cts.R.Civ.P. 81(a) (1975).

[2]The first two sentences of the second paragraph of § 23 provide that "[a] plaintiff beginning a cause under the procedure shall be deemed to have waived a trial by jury and any right of appeal to a jury of six session in the district court department; but if said cause shall be appealed to a jury of six session in the district court department by the defendant as hereinafter provided, the plaintiff shall have the same right to claim a trial by a jury of six. The defendant may, within ten days after receipt of the court's finding, file in the court where the cause was determined a claim of trial by jury, and his affidavit that there are questions of law and fact in the cause requiring a trial by jury, with specifications thereof, and that such trial is intended in good faith."

[3]Although there is no specific provision in the small claims statute which permits an appeal from the jury session, it appears that an appeal on questions of law may be taken from the jury session to the Appeals Court pursuant to G. L. c. 211A, § 10.

[4]There are no "compulsory" counterclaims in small claims procedure, but a defendant may choose to assert any counterclaim within the District or Municipal Court's small claims jurisdiction. Rule 3(c) defines a counterclaim very broadly as "any claim which [the defendant] has against the plaintiff," and therefore a small claims counterclaim need not arise out of the same incident giving rise to the complaint.

trial on the claim initially asserted by the plaintiff, and that right is not altered by a defendant's decision to bring a counterclaim in the small claims court.

We are of opinion that the right to trial by jury, as set forth in art. 15 of the Declaration of Rights of the Massachusetts Constitution, or as given by statute, does apply to a small claims plaintiff as a defendant in counterclaim.[5] "In civil cases, waiver of a fundamental constitutional right is never presumed (*Aetna Ins. Co.* v. *Kennedy*, 301 U.S. 389, 393 [1937] [jury trial]), and always requires an intentional relinquishment of a known right or privilege. See *Metropolitan Transit Auth.* v. *Railway Express Agency, Inc.*, 323 Mass. 707, 709 (1949)." *Spence* v. *Reeder*, 382 Mass. 398, 411-412 (1981). General Laws c. 218, § 23, explicitly prescribes a waiver of a jury trial for any plaintiff beginning a case under the small claims procedure. See note 2, *supra.* But in the counterclaim situation, there is no basis, express or otherwise, upon which to infer a waiver of a right to a jury trial, especially where the rules applicable in the small claims court permit the assertion of any counterclaims within that court's jurisdiction. The only possible way to construe such a waiver on a counterclaim is to contend that the invocation of the small claims procedure, in and of itself, triggers such a waiver. Contrast *Matsushita Elec. Corp. of Am.* v. *Sonus Corp.*, 362 Mass. 246, 252-253 (1972).

Such a conclusion is not supported by the language of the statute, nor, in our view, is it logical. The term "defendant" as used in § 23 includes a defendant in counterclaim. More importantly, were we to decide that such a decision amounts to a waiver, it would place every potential small claims plaintiff in the inappropriate dilemma of weighing the efficiency of the small claims procedure against the possibility of losing

---

[5]Article 15 of the Declaration of Rights provides in pertinent part: "In all controversies concerning property, and in all suits between two or more persons . . . the parties have a right to a trial by jury; and this method of procedure shall be held sacred. . . ." The provision was intended to preserve the common law right to a jury trial which existed at the time of the adoption of the State Constitution in 1780.

the right to a jury trial on any claim a defendant might elect to assert by way of counterclaim.

For these reasons, we hold that the plaintiff did not waive his right to a jury trial on the counterclaim asserted against him. The order dismissing the appeal to the Boston Municipal Court jury session is vacated and the counterclaim is remanded to that court for trial.

*So ordered.*