# RESCRIPT OPINIONS.

RICK G. MOST *vs.* BRIAN FITZGERALD & others.[1] May 5, 1994. *Practice, Civil*, Small claims procedure, Jury trial, Counterclaim and cross-claim.

The sole issue in this appeal, which we transferred here on our own motion, is the correctness of the dismissal of the small claims appeal to a jury-of-six session where the defendant landlord has filed a counterclaim in the original action. It was error to dismiss the appeal.

The plaintiff (tenant) had been renting premises which the landlord purchased. The landlord sought to terminate the tenancy by serving a notice to terminate on the tenant and later informed the tenant that the premises were to be renovated. The tenant vacated the premises and sought compensation for unused heating oil on the premises and a return of the security deposit. When the landlord refused to give the tenant any funds, the tenant filed a small claims action. The landlord filed an answer and counterclaim. Following a finding for the tenant and a judgment for the tenant on the defendant landlord's counterclaim, the landlord appealed to a jury-of-six session. This appeal was dismissed because, according to the notice of judgment, "Defendant filed counterclaim — thereby becoming a Plaintiff and only a defendant is entitled to an appeal." The statute provides that a plaintiff in a small claims action waives the right of appeal to a jury session. G. L. c. 218, § 23 (1992 ed.).

There is no language in the rules or statutes which converts a defendant who files a counterclaim into a plaintiff. The short answer is that a defendant in a small claims case has a right of appeal by statute and does not lose such right by filing a counterclaim. See G. L. c. 218, § 23. We agree with the Appeals Court decision in the case of *Bischof* v. *Kern*, 33 Mass. App. Ct. 45, 46-47 (1992).

*Judgment reversed.*

*William Pudlo* for the defendant.

---

[1] Maurice Fitzgerald and B&M Fitzgerald Builders, Inc. We refer to a single defendant (landlord).