FRED J. FIJAL *vs.* STEWART ANDERSON. No. 98-P-1825. April 28, 2000. *District Court,* Small claims procedure. *Appeals Court,* Jurisdiction.

The plaintiff, by electing to file his contract claim against the defendant under the small claims procedure in a District Court, waived, by the express terms of G. L. c. 218, § 23, second par., his right to a jury trial and to any appeal from any adverse ruling to the District Court jury-of-six session; and by the terms of § 23, tenth par., any right to a report to the appellate division of the District Court department. He implicitly waived any right of appeal to the Appeals Court because this court generally has jurisdiction over District Court civil appeals only from final decisions of an appellate division (G. L. c. 231, § 109), from judgments entered in civil jury-of-six sessions in certain counties (G. L. c. 218, §§ 19A, 19B), and from certain types of orders not relevant here. See, e.g., *Zullo* v. *Goguen*, 423 Mass. 679 (1996) (restraining orders under G. L. c. 209A); *Jones* v. *Manns*, 33 Mass. App. Ct. 485 (1992) (civil contempt judgments); G. L. c. 151A, § 42 (Department of Employment and Training decisions); G. L. c. 40A, § 17; *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42 (1983) (zoning board decisions). See also *Pandey* v. *Ware Div. of the Dist. Ct. Dept.*, 412 Mass. 1002, 1003 (1992). The plaintiff's right of appeal could have been revived if the defendant had filed a counterclaim, see *Bischof* v. *Kern*, 33 Mass. App. Ct. 45, 46 (1992), or if the judge had elected to report the disputed question of law to the appellate division, as she might have done given the allegedly nonuniform practice in regard to adding postjudgment interest to small claims judgments and the lengthy period that elapsed from judgment to payment in this case; but the defendant filed no counterclaim, and the judge elected not to report the question. The result is that this court has no jurisdiction over the plaintiff's appeal. It makes no difference that the appeal is not from the judgment, which was wholly favorable to the plaintiff, but from the postjudgment order denying interest. The plaintiff "waived [his] right to appeal from any adverse rulings." *Pandey* v. *Ware Div. of the Dist. Ct. Dept.*, supra.

*Appeal dismissed.*

*Joel Pentlarge* for the plaintiff.

COMMONWEALTH *vs.* VINCENT GASKINS. No. 98-P-1407. May 17, 2000. *Firearms. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Duplicative convictions.

Having discarded a loaded firearm in October, 1996, the defendant was

convicted and sentenced for possession of a firearm in violation of G. L. c. 269, § 10(*a*), and for possession of ammunition in violation of G. L. c. 269, § 10(*h*). On his appeal from those convictions and from a conviction of possession of a class B drug, he claims that his convictions of two offenses because of his unlawful possession of a single loaded weapon violated his double jeopardy protections and his right to be free of duplicative convictions. He also claims error in the judge's instructions and in the admission of certain evidence. We affirm his convictions.

1. The conviction pursuant to c. 269, § 10(*a*), required proof that the gun met the legal definition of a firearm, and the statute specifically indicates that it does not matter whether the firearm is loaded or not.[1] The conviction under § 10(*h*), on the other hand, required proof that the defendant possessed ammunition. These are separate offenses even if based on the same conduct, and multiple punishments may be imposed at a single trial.[2] See *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 385-389 (1998); *Commonwealth* v. *Bachir*, 45 Mass. App. Ct. 204, 210 (1998). See also the following cases where convictions under both § 10(*a*) and § 10(*h*) were viable when the defendant was in possession of a loaded gun: *Commonwealth* v. *Brown*, 10 Mass. App. Ct. 935 (1980) (judgments reversed on ground that the elements of each of the two *distinct* crimes were not defined); *Commonwealth* v. *Marrero*, 33 Mass. App. Ct. 440, 440-441 & n.1 (1992); *Commonwealth* v. *Harkess*, 35 Mass. App. Ct. 626, 626-628, 632 (1993).

2. The defendant's claim, made for the first time on appeal, that the judge's instructions were in error because they did not "adequately specify that the defendant could be convicted of carrying either a loaded or unloaded firearm" is without merit. Whether the gun is loaded or unloaded is not an element of the offense. In any event, the judge instructed the jury in accordance with the defendant's requests and told the jury that "a firearm is defined in our laws as a pistol, revolver, or other weapon — loaded or unloaded — from which a shot or bullet can be discharged . . . ." There was no error, let alone a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967).

3. The defendant's remaining arguments do not merit discussion, except to point out with respect to his argument relating to the chain of custody that the evidence was sufficient to show that the drugs and the gun did not leave

---

[1] General Laws c. 269, § 10(*a*), as appearing in St. 1990, c. 511, § 2, provides in relevant part: "Whoever, except as provided or exempted by statute, knowingly has in his possession . . . a firearm, loaded or unloaded . . . shall be punished . . . ."

[2] At the time of the defendant's offense, the Legislature specifically provided in § 10(*h*), as appearing in St. 1996, c. 20: "A violation of this subsection shall not be considered a lesser included offense to a violation of subsection (a) . . . ." Where there is specific authorization for cumulative punishments, there is no prohibition against duplicative convictions. *Commonwealth* v. *Alvarez*, 413 Mass. 224, 232 (1992). The legislative provision, however, is not the basis of our decision; we rely on the principles expressed in *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382 (1998), following the elements-based rule of *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871): "A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." We have no doubt that the same result would be reached under St. 1998, c. 180, § 69, which rewrote § 10(*h*).

police custody and that they were the items found at the scene. See *Commonwealth* v. *Diaz*, 15 Mass. App. Ct. 469, 473 (1983).

*Judgments affirmed.*

The case was submitted on briefs.

*Melissa P. White Ellis* for the defendant.

*Daniel I. Smulow*, Assistant District Attorney, for the Commonwealth.