Curtin, J.
This action was commenced in the Lawrence Division of the District Court Department on February 15, 2000. The plaintiff’s complaint requested a trial by jury. The defendant's answer and counterclaims, filed on March 15, 2000, included a specific claim for trial by jury of six pursuant to G.L.c. 218, §19B.[1]
Pursuant to §19B, the case was transferred from Lawrence to the jury session of the Haverhill Division of the District Court Department. A jury trial was eventually conducted,[2] and an amended judgment was entered by the Haverhill Division on August 20,2002. The defendant thereafter appealed to this Appellate Division.
*21 At the time this action was commenced, a trial by jury of six in a District Court civil action in Essex County was available solely by virtue of G.L.c. 218, §19B. That statute provides, in pertinent part:
After the entry of a civil action in any district court in the county of Essex, any party may ... claim a trial by a jury of six. Trials by such juries of six shall be held in the central district court of northern Essex, at Haverhill....
In the event of a trial by jury in the central district court of northern Essex, review may be had directly by the appeals court pursuant to the Massachusetts Rules of Appellate Procedure [emphasis supplied].
The defendant’s appeal of the judgment entered after a §19B trial by jury of six in this case was, therefore, to the Appeals Court. Fijal v. Anderson, 49 Mass. App. Ct. 903 (2000).
The jurisdiction of this Appellate Division over appeals of judgments in civil jury trials in Essex County did not exist prior to the enactment of Chapter 142 of the Acts of 2000. That statute expanded the “one trial system” for civil cases to Essex and Berkshire Counties for actions filed after September 1, 2000. This action was commenced on February 15, 2000, more than six months prior to the effective date of Chapter 142.
Accordingly, the defendant’s appeal to this Appellate Division is dismissed for lack of jurisdiction.
So ordered.

 The reference in the defendant’s jury trial claim to §18B of G.L.c. 218 was obviously a typographical error. There is no §18B of G.L.c. 218. Section 19B of that statute governs District Court jury trials for Essex County civil actions filed before September 1,2000.

 The Haverhill jury session is sometimes physically housed in the Newbury-port Division of the District Court Department, as it was in this case.