JANICE STEVENSON *vs.* DAVID MACKEY & another.[1] December 14, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *District Court,* Small claims procedure, Clerk-Magistrate. *Practice, Civil,* Counterclaim and cross-claim. *Judge.*

Janice Stevenson appeals from a judgment of a single justice of this court denying her petition under G. L. c. 211, § 3. We affirm.

Stevenson commenced an action against the defendants, David Mackey and Sandra Casey Buford, in the small claims session of the Central Division of the Boston Municipal Court Department (BMC), alleging that they had violated G. L. c. 149, § 148, by failing to pay wages in a timely manner. Stevenson maintains that, on the date of her hearing before a clerk-magistrate, she filed a "Motion to Allow Other Costs (Mandatory Statutory Damages) or in the Alternative to Transfer the Case." Although the defendants acknowledge that on the day of the hearing Stevenson "submitted" the motion, the docket does not reflect the filing of, or whether any action was taken on, such a motion.

---

[1]Sandra Casey Buford.

Stevenson also maintains that the defendants asserted a counterclaim that was not docketed. Judgment was entered on behalf of the defendants on December 9, 2006. Thereafter, on December 29, 2006, Stevenson filed her G. L. c. 211, § 3, petition in the county court, asserting that because neither her motion nor what she deems to be a counterclaim made by the defendants were docketed, she "would not be allowed to exercise her right to a jury session of the BMC." A single justice denied the petition without a hearing.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996). The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). Stevenson has not met this burden. By choosing to pursue the small claims procedure, she waived her right to appeal from adverse rulings. *Pandey* v. *Ware Div. of the Dist. Court Dep't*, 412 Mass. 1002, 1003 (1992). Under G. L. c. 218, § 23, only a defendant in a small claims proceeding has a right of appeal. Stevenson is correct that, had the defendants asserted a counterclaim, she would have had the right to appeal an adverse ruling on the counterclaim. See *Bischof* v. *Kern*, 33 Mass. App. Ct. 45, 47 (1992). Stevenson asserts that the defendants made an unwritten, oral counterclaim. Any counterclaim by a defendant in a small claims proceeding must, however, be in writing. See Rule 3 (c) of the Uniform Small Claims Rules (2007). Therefore, even if the defendants' argument, as characterized by Stevenson, was intended as a counterclaim, it was not properly brought as such. Stevenson thus would have had no right of appeal on that basis.

Stevenson also argues that the failure of the court and its personnel to docket and rule on her motion to transfer the case to the regular civil docket precluded her from appealing from any adverse action on that motion. A motion to transfer a proceeding from the small claims session to the regular civil docket of a District Court may be filed by any party. *Daum* v. *Delta Airlines, Inc.*, 396 Mass. 1013, 1014 (1986). See also Rule 4 (a) of the Uniform Small Claims Rules (2007). If Stevenson did, in fact, file a proper motion to transfer that was not docketed or acted on, Stevenson's remedy would have been to apply to the trial court for relief from judgment pursuant to Rule 8 of the Uniform Small Claims Rules (2007).

Stevenson's claims do not warrant the extraordinary relief of G. L. c. 211, § 3, and the single justice was warranted in denying the petition in the circumstances of this case.

*Judgment affirmed.*

*Janice Stevenson*, pro se.
*William V. Hoch* for the defendants.