The case was submitted on the papers filed, accompanied by a memorandum of law.

*James Freeman, III,* pro se.

BETRESADIK TESSEMA *vs.* NEXTEL SYSTEMS CORPORATION. May 9, 2008. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil,* Small claims procedure. *Uniform Small Claims Rules.*

The petitioner, Betresadik Tessema, appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In connection with a dispute about a cellular telephone service plan, the petitioner commenced a breach of contract action against Nextel Systems Corporation (Nextel) in the small claims session of the Boston Municipal Court Department. Judgment entered in favor of Nextel. The petitioner apparently sought reconsideration of the judgment, to no avail. See Rule 8 of the Uniform Small Claims Rules (2008) (party may seek relief from judgment within one year). He also requested relief from the Chief Justice of the Boston Municipal Court, again without success. He then petitioned unsuccessfully for relief from a single justice of the Appeals Court. Thereafter, he sought relief in the county court. His filing was treated as a petition pursuant to G. L. c. 211, § 3, and denied.

In his appeal to this court, the petitioner has filed various papers seeking relief from the small claims judgment against him and claiming that the judge in the small claims session was biased in favor of Nextel. While it is unclear whether the petitioner intended his papers to be considered a brief or a memorandum and appendix under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), it is clear that rule 2:21 does not apply (because the petitioner is not seeking relief from an interlocutory ruling of the trial court), and that the single justice neither abused his discretion nor otherwise erred. By choosing to pursue his claim as a plaintiff in the small claims session, the petitioner

waived his right to appeal from any adverse ruling. See G. L. c. 218, § 23; *Pandey* v. *Ware Div. of the Dist. Court Dep't*, 412 Mass. 1002, 1003 (1992); *Fijal* v. *Anderson*, 49 Mass. App. Ct. 903 (2000). Moreover, he fails to substantiate his claim of judicial bias. In these circumstances, the single justice "was warranted in refusing to grant relief." *Pandey* v. *Ware Div. of the Dist. Court Dep't, supra.*

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Betresadik Tessema*, pro se.