Hand, PJ.
Pursuant to G.L.c. 231, §108, the New Bedford District Court reported the following question: where, in a small claims action, the defendant has appealed the contractual aspects of the magistrate’s general verdict in favor of the plaintiffs on their claims for damages allegedly caused by the negligent handling of an agreement to provide services, for breach of a contract to provide those services, and/or for violations of G.L.c. 93A, does the defendant[1] s appeal permit the plaintiffs to introduce evidence of the G.L.c. 93A violations when the case is retried on appeal? Limiting our determination to the facts of this case, we answer this question, “yes.”
Plaintiffs Joey Medeiros and Erica Pine filed a small claims action on May 10,2013, seeking damages for the losses they incurred in rebooking their wedding reception after the defendant’s overbooking its facilities for the day of the plaintiffs’ wedding left the plaintiffs in the position of having to make other arrangements for their reception. On their breach of contract and/or negligence claims, the plaintiffs sought recovery of $7,000.00 of the $7,937.56 they alleged that they spent in “additional costs” to rebook their wedding reception location. The plaintiffs also included a G.L.c. 93A claim, seeking multiple damages, costs, and reasonable attorney’s fees.[4]
*90 After a magistrate trial, judgment entered for the plaintiffs. The judgment did not specify the theory on which the damages were awarded and did not include an award of multiple damages or of attorney’s fees. The magistrate denied the defendant's post-trial motion to dismiss and the plaintiffs’ motion for attorney’s fees.
The defendant filed a timely claim of appeal to a District Court jury. On the understanding that the absence from the judgment of any award of multiple damages or attorney’s fees, both potentially available to a prevailing plaintiff on a G.Lc. 93A claim, indicated that the magistrate found against the plaintiffs on that claim, the defendant filed a motion in limine seeking to prohibit the plaintiff from raising or arguing its consumer protection claim on appeal. The plaintiffs opposed that motion, arguing that “any and all possible legal theories of recovery, including M.G.Lc. 93A, are available to plaintiffs based upon the defendantss appeal of the underlying judgment” The court allowed the defendant’s motion in limine, reserving the G.L.c. 93A claim to himself for trial.
*91 The jury found for the plaintiffs and awarded damages. Over the defendant's objection, the plaintiffs went forward on the reserved G.L.c. 93A claim. In written findings, the trial judge found in the plaintiffs’ favor on that claim, awarding nominal damages and attorney's fees. The trial court then reported the above question to us.
The small claims process is established by statute, G.L.c. 218, §§21-25, and is governed by the Uniform Small Claims Rules. Intended as “a simple, informal and inexpensive procedure,” small claims is available as an alternative to the regular civil docket in particular categories of cases. G.L.c. 218, §21. In opting to bring an action as a small claims matter, a plaintiff waives his or her right to bring an appeal. G.L.c. 218, §23. See Fijal v. Anderson, 49 Mass. App. Ct. 903 (2000) (“The plaintiff, by electing to file his contract claim against the defendant under the small claims procedure in a District Court, waived, by the express terms of G.L.c. 218, §23, second par., his right to a jury trial....”); Bischof v. Kern, 33 Mass. App. Ct. 45, 46 (1992) (“[A] plaintiff who elects the small claims procedure waives any right to a trial by jury on the principal claim, unless the defendant claims an appeal to the six-person jury in the District or Municipal Court under G.L.c. 218, §23.”). The defendant, however, maintains its ability to appeal to a jury of six, or to a judge, if the plaintiff prevails on its claim. G.L.c. 218, §23 (in case of defendants appeal, “the plaintiff shall have the same right to claim a trial by a jury of six”). On appeal, the plaintiff is also entitled to rely on the judgment in his or her favor: “A finding for the plaintiff in the district court department shall be prima facie evidence for the plaintiff in the trial by jury of six or before a single justice. At such trial the plaintiff may, but need not, introduce evidence.” Id.
Here, the defendant appealed the magistrate’s finding. The question argued by the parties, and reported to us, was whether, having lost on its G.L.c. 93A claim before the magistrate, the plaintiffs were entitled to have the G.L.C. 93A claim heard in the course of the trial on appeal. On the record before us, however, we cannot say that the magistrate did find against the plaintiffs on the G.L.c. 93A claim. The general finding does not specify the theory of recovery or the basis on which damages were awarded. While G.L.c. 93A permits multiple damages, it does so only where the court finds that “the use or employment of the act or practice was a willful or knowing violation of said section two” of the statute.[5] G.L.c. 93A, §9. Likewise, although a prevailing plaintiff is entitled to reasonable attorney’s fees for the consumer protection claim, id., it is required to prove those fees. See, e.g., Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978) (G.L.c. 93A, §9 calls for award of attorney’s fees but limits award to amount proved to be objectively reasonable). Neither the magistrate’s failure to award multiple damages nor his failure to award attorney’s fees excludes the possibility of the magistrate’s finding in favor of the plaintiffs on their G.L.c. 93A claim in this case: the magistrate could have found a violation of G.L.c. 93A, §9 without finding the violation to be a “willful and knowing” violation of §2; the plaintiff may not have proved reasonable attorney’s fees connected to the G.L.c. 93A claim.
The defendant’s appeal, while clearly directed to the plaintiffs’ breach of contract claims and on the assumption that those were the sole basis for the magistrate’s award, necessarily appealed the entire, undifferentiated judgment against it. In this case, the plaintiff was entitled to retry all claims against it in the trial on appeal of the magistrate’s ruling.
*92 Judgment affirmed.

 General Laws c. 93A prohibits “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” G.L.c. 93A, §2 (a).
Section 9 of the statute, governing claims by consumers, provides:
(1) Any person ... who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two... may bring an action in the superior court, or in the housing court ... whether by way of original complaint, counterclaim, cross-claim or third *90 party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper. ...
(3) At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim....
(3A) A person may assert a claim under this section in a district court, whether by way of original complaint, counterclaim, cross-claim or third-parfy action, for money damages only. Said damages may include double or treble damages, attorneys’ fees and costs, as herein provided. The demand requirements and provision for tender of offer of settlement provided in paragraph (3) shall also be applicable under this paragraph, except that no rights to equitable relief shall be created under this paragraph, nor shall a person asserting a claim hereunder be able to assert any claim on behalf of other similarly injured and situated persons as provided in paragraph (2).

 See n.4, supra.