NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12534


JONATHAN MULLANE  vs.  BARCLAYS BANK DELAWARE.



February 26, 2019.


Supreme Judicial Court, Superintendence of inferior courts. District Court, Small claims procedure. Practice, Civil, Small claims procedure, Appeal.


Jonathan Mullane appeals from a judgment of the county court denying, without a hearing, his petition for relief from a judgment entered in a small claims matter in the District Court. Mullane commenced the small claims action against Barclays Bank Delaware (Barclays), alleging that Barclays violated the Federal Fair Credit Billing Act (FCBA), 15 U.S.C. §§ 1666 et seq., and other laws in its handling of a disputed transaction on a credit card it had issued to Mullane. Barclays filed a counterclaim seeking to recover the outstanding balance on the credit card. Neither party requested a transfer to the regular civil docket. After a hearing, a clerk-magistrate issued judgment in favor of Barclays as to both Mullane's claims and its counterclaims. Mullane filed a claim of appeal, seeking a trial by a jury of six. On Barclays's motion, a judge in the District Court dismissed the claim of appeal on the ground that Mullane's claim of appeal alleged essentially the same claims as he did as the plaintiff in his case-in-chief. Mullane moved for reconsideration, but the judge denied that motion as well, on the same ground. Mullane's petition in the county court sought relief from the judge's decision. We affirm.

"We review the single justice's denial of relief only to determine whether there was an abuse of discretion or an error of law." Matter of an Application for a Criminal Complaint, 477 Mass. 1010, 1010 (2017), citing Marides v. Rossi, 446 Mass.

1007, 1007 (2006). "We have repeatedly stated that a plaintiff who chooses to proceed in the small claims session waives the right to appeal from any adverse judgment, and likewise is not entitled to invoke this court's extraordinary power of general superintendence in lieu of an appeal to compel review of the judgment." Zullo v. Culik Law P.C., 467 Mass. 1009, 1009 (2014), and cases cited. See G. L. c. 218, § 23 ("A plaintiff beginning a cause under the [small claims] procedure shall be deemed to have waived a trial by jury and any right of appeal to a jury of six session in the district court department"). Mullane argues that the judge erred in dismissing his appeal from the judgment on Barclays's counterclaim and that, as a result, he was wrongly denied a jury trial on his claims under the FCBA. As a general matter, a plaintiff in a small claims matter does have a right to appeal following an adverse ruling by a clerk-magistrate on a counterclaim. See Stevenson v. Mackey, 450 Mass. 1014, 1015 (2007), citing Bischof v. Kern, 33 Mass. App. Ct. 45, 47 (1992). As the judge found, however, Mullane's claim of appeal did not address the counterclaim, but pressed his allegation that Barclays violated the FCBA. Indeed, Mullane admits as much in his brief before us. In substance, Mullane was attempting to claim a jury trial not as to Barclays's counterclaim, but as to his own principal claims under the FCBA. Having chosen to assert those claims in the small claims session, Mullane waived his right to a jury trial and was not entitled to appeal after the clerk-magistrate found against him.

Moreover, if Mullane wished to preserve the full panoply of trial and appellate rights, he had a means to do so by requesting a transfer to the regular civil docket pursuant to G. L. c. 218, § 24. See Stevenson, supra, citing Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986) (motion to transfer small claims case to regular civil docket may be filed by any party). He did not do so. "We have consistently held that a defendant who fails to take that step has no right later to obtain review under G. L. c. 211, § 3, to replace the appellate rights it voluntarily relinquished by going forward under the small claims procedure . . . ." D.R. Peck Excavating, Inc. v. Machado, 481 Mass. 1033, 1034 (2019), and cases cited. This principle applies particularly to a plaintiff who chose the small claims forum at the outset of the case. Extraordinary relief was not warranted in this case, and the single justice neither erred nor abused his discretion by denying Mullane's petition.

Judgment affirmed.

Jonathan Mullane, pro se.
Jennifer R. Rossi for the defendant.